In re:

RAGUSE FAMILY PARTNERSHIP, *et al.*                    Lead Case No. 26-60308, *et al.*
                                                        (Jointly Administered)

        Debtors.

---

## ORDER

---

This case is before the court on the Raguse Family Partnership's Motion for Expedited Relief and an Order (I) Authorizing Debtor to pay Pre-Petition Wages, Payroll Taxes, and Employee Benefits; and (II) Authorizing Payroll Provider and Financial Institutions to Honor and Process Checks and Transfers Related to Such Relief (the "Motion"). Based on the Motion and this court having determined that it is in the best interests of Debtor's estate to grant the Motion, and it appearing that due and proper notice of this action was given,

**IT IS HEREBY ORDERED:**

1.      The Motion is granted as set forth herein.[1]

2.      RFP's request for expedited relief is granted.

3.      Notwithstanding anything to the contrary contained in the Motion or herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to and in accordance with any interim and final orders, as applicable, authorizing or approving any postpetition debtor-in-possession financing or use of cash collateral for the Debtors (such orders, as applicable, the "DIP Order"), and any budget in connection with any such postpetition debtor-in-possession financing or use of cash collateral authorized therein. To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control. For the avoidance of doubt, no payment, transfer, or transaction authorized under this Order shall impair or otherwise affect the extent, validity, or priority of the DIP Liens (as defined in the DIP Order), if any, granted to the DIP

---

[1] Capitalized terms not herein defined shall have the meaning ascribed to them in the Motion.

Lender (as defined in the DIP Order) in any cash or other property involved in any such payment, transfer, or transaction. In the event of any inconsistency between the terms of this Order and the terms of the DIP Order, the terms of the DIP Order shall govern.

4. RFP is authorized, but not required, to pay or cause to be paid, in its sole discretion, all amounts required under or related to outstanding prepetition wages (including expenses) and benefits earned within 180 days before the petition date, up to a maximum of $17,150 per employee, and to honor paid time off accrued by their employees pursuant to 11 U.S.C. § 507(a).

5. RFP is authorized, but not required, to continue to pay and honor, in their sole discretion, obligations arising under or related to its employment plans, practices, programs and policies for its employees including, without limitation, those giving rise to the Pre-Petition Wages, as such employment plans, practices, programs and policies were in effect as of the Petition Date.

6. RFP is authorized, but not required, to pay, in their sole discretion, pre-petition amounts owing in the ordinary course of business to third parties in connection with administering and maintaining its employee benefit programs.

7. All applicable banks and other financial institutions, are authorized to receive, process, honor and pay any and all checks, drafts, wires, check transfer requests or automated clearing house transfers evidencing amounts paid by RFP under this Order whether presented prior to or after the Petition Date to the extent necessary and to the extent RFP has sufficient funds with such bank or other financial institution. Such banks and financial institutions are authorized to rely on the representations of RFP as to which checks are issued or authorized to be paid pursuant to this Order without any duty of further inquire RFP's instructions.

8. Nothing in the Motion or this Order, nor any payments made pursuant to this Order, shall be deemed to be, or constitute, (a) an admission as to the validity or priority of any claim against any Corporate Debtor, (b) an assumption or post-petition reaffirmation of any agreement, plan, practice, program, policy, executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, (c) a grant of third-party beneficiary status of any additional rights on any third party, or (d) a waiver of any rights, claims or defenses of RFP.

9. Nothing in the Motion or this Order shall impair the ability of RFP to contest the validity or amount of any payment made pursuant to this Order.

10. Nothing in the Motion or this Order shall be construed as impairing RFP's right to contest the validity or amount of any Pre-Petition Wages, including payroll taxes that may be due to any taxing authority.

11. Notwithstanding Bankruptcy Rule 6003 and the possible applicability of

Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

s/ William J. Fisher

Dated: *May 19, 2026*

_____

William J. Fisher
United States Bankruptcy Judge