UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:                                                    Bankr. No. 26-60308
                                                                    Chapter 11
Raguse Family Partnership,

        Debtor.

**NOTICE OF MOTION AND VERIFIED MOTION FOR REJECTION
OF LEASE AND RELIEF FROM STAY**

TO: Debtor, and all other parties in interest specified in Local Rule 9013-2(c).

1.  Fred Mitzel d/b/a Freds Farm Supply, as ("Mitzel"), through his undersigned

    attorney, moves the court for the relief requested below and gives notice of hearing

    herewith.

2.  The Court will hold a hearing on this Motion and Verified Motion for Rejection of

    Lease and Relief from Stay at 10:30a.m. on Tuesday, July 14, 2026. The hearing will

    be conducted telephonically.  Please contact Judge Fisher's Courtroom Deputy by

    email at mnb_fisher_hearings@mnb.uscourts.gov(link sends e-mail) or by telephone

    at 651-848-1061 to obtain the dial-in information. Dial-in instructions for telephonic

    hearings will also be displayed the day prior to the hearing on Judge Fisher's public

    calendar here: https://www.mnb.uscourts.gov/judges-calendars. Any person wanting

    to appear in person must contact Judge Fisher's Courtroom Deputy at 651-848-

    1061 at least 48 hours prior to the hearing.

3.  Any response to this Motion must be filed by July 7, 2026, which is seven (7) days

    prior to the hearing date. UNLESS A RESPONSE IS OPPOSING THIS MOTION IS

1

TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A

HEARING.

4.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334,

Federal Rules of Bankruptcy Procedure 5005, and Local Rule 1070-1. This is a core

proceeding. This Chapter 11 petition was filed on May 15, 2026, and this case is

currently pending before this Court.

5.  This Motion arises under 11 U.S.C. § 362 and 11 U.S.C. § 365 and Federal Rule of

Bankruptcy Procedure 4001, as well as Federal Rule of Bankruptcy Procedure 6006,

and is filed pursuant to Federal Rule of Bankruptcy Procedure 9014 and Local Rules

9006-1 and 9013-1 through 9013-3.

6.  On or about February, 2023, Debtor executed a lease for the following equipment,

Lease No. 5211 Attached hereto EXHIBIT A is a copy of said Lease. In addition,

lease no. 5212 was executed in March of 2023. Attached hereto as EXHIBIT B is a

copy of said Lease.

7.  The Debtors in case numbers 26-60308, 26-60312, and 26-60313 all executed a

Guaranty of the debts of Raguse Family Partnership owed to Mitzel.

8.  The leases involved separate leases of equipment as described in the leases.

9.  Mitzel filed UCC-1's with the Minnesota Secretary of State which describes the

leases. See EXHIBIT C. The filings were for notification purposes only, as this was a

lease.

10. The Debtor is in default under the terms of the above agreements because of its

failure to pay when lease payments were due.

11. The leases described in Paragraph 8 provide that a default includes a failure to perform under any payment or any other agreement with Mitzel constitutes a default under other agreements.

12. Failure to make payment described in paragraph 8 constitutes a default of the Debtor's obligations under all other agreements.

13. Despite due demand, the Debtor has failed and refused to pay the amounts owing on the leases with Mitzel.

14. The amount owing on the lease's security agreements as of May 15, 2026, are as follows:

    a.  Amount due for Lease 5211 as of May 15, 2026 is $46,052.73

    b.  Amount due for Lease 5212 as of May 15, 2026 is $460,202.24

15.  Lease payments are still owed for 2027 in the amounts of:

    a.  Amount due for Lease 5211 in 2027 is $55,865.00

    b.  Amount due for Lease 5212 in 2027 is $122,722.00

16. Mitzel has accelerated all amounts due and owing on the leases, security agreement, are set forth above.

17. Interest continues to accrue at the rate disclosed in the leases, as do attorney's fees and other cost of collection.

18. Debtor breached the terms of the leases and Mitzel is entitled to possession of the leased equipment.

19. As a direct and proximate cause of Detor's breach of the leases, Mitzel has been damaged in amount in excess of $506,254.97 as of May 15, 2026. Again, additional payments will be due in 2027 if the leases are assumed.

3

20. Pursuant to the terms of the leases, Mitzel is entitled to collect all the reasonable costs and expenses of suit, including but not limited to reasonable attorney's fees.

21. The approximate value of the personal property is currently unknown as the cost to recover the leased equipment will be significant and removal of the property of Debtor's in the leased equipment could occur.

22. Debtor has not cured the existing defaults under the Lease Agreements, nor has Debtor provided adequate assurance that such defaults will be promptly cured.

23. Upon information and belief, Lease Agreements have not been assumed pursuant to 11 U.S.C. § 365, and no motion to assume has been filed by the Debtor.

24. As are result of the uncured defaults and failure to assume, the Debtor may not assume or enforce the Lease Agreements. Alternatively, even if assumption were sought, Debtor cannot meet the requirement of 11 U.S.C. § 365(b) because the defaults have not been cured and no adequate assurance of future performance has been provided.

25. The Debtor continues to use and/or control the leased property without paying the required cash lease payments. As a result, Mitzel is not receiving adequate protection of his interest in the property. Mitzel's principal asset consists of the leases described herein. Mitzel cannot afford to operate without the 2023, 2024, 2025, 2026 and 2027 lease payments.

26. Cause exist to modify the automatic stay under 11 U.S.C. § 362(d)(1), including lack of adequate protection and continuing defaults under the Lease Agreements. Mitzel seeks a prompt determination of his rights and an order requiring the Debtor to assume or reject the Lease Agreements, Mitzel then will dispose of the equipment.

4

These claims are substantial because of the lease payment must be made I the Debtor intends to keep the lease in effect. Mitzel retains all claims he has against the Debtor for priority and administrative claims that arise as results of the Debtors' defaults.

27. In the alternative, to the extent the Lease Agreements are deemed rejected pursuant to 11 U.S.C. § 365(d), cause exists to modify the automatic stay to permit Mitzel to exercise his rights under applicable state law to recover possession of the leased property and enforce his contractual remedies. Mitzel retains his claim for priority, administrative, and other claims.

28. Notice of Witness Testimony. Fred Mitzel may be called to testify regarding the Lease Agreements, payment history under the Leases, existing defaults, continued use of property, and the resulting harm and economic prejudice to Mitzel.

WHEREFORE, Fred Mitzel , by his undersigned attorneys, moves the Court for and Order:

1. That the Lease Agreements between Movant and Debtor are rejected; unless Debtor assumes the Leases with payment of the cure amounts. The election shall be made on or before September 14, 2026.

2. That the automatic stay provided by 11 U.S.C. § 362 (a) be modified so as to permit Movant to pursue and enforce any rights and remedies under applicable Minnesota Law, including recovery of possession of the leased premises if the Leases are rejected; and

3. For such other and further relief as may be just and equitable.

Dated: June 16, 2026

FLUEGEL, ANDERSON, MCLAUGHLIN
& BRUTLAG, CHARTERED

/s/ David C. McLaughlin
David C. McLaughlin (#0127383)
129 2nd Street NW
Ortonville, MN 56278
Telephone: (320) 839-2549
dmclaughlin@fluegellaw.com
**_Attorney for Fred Mitzel_**
**_d/b/a Fred's Farm Supply_**