**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re

Raguse Family Partnership, *et al.*,[1]

        Debtors.

Lead Case No. 26-60308-WJF, *et al.*
(Jointly Administered Chapter 11)

---

## NOTICE OF HEARING AND MOTION FOR APPROVAL OF STIPULATION FOR ADEQUATE PROTECTION

TO:    THE PARTIES-IN-INTEREST AS SPECIFIED IN RULES 4001 AND 9013 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 9013-2.

1.      Debtor David Raguse (26-60313) (26-6 0308) through the undersigned attorneys, moves the Court for the relief requested below and gives notice of hearing.

2.      The Court will hold a hearing on this motion at one p.m. on Tuesday, August 25, 2026 before the Honorable William J. Fisher. The hearing will be conducted telephonically. Please contact Judge Fisher's Courtroom Deputy by email at mnb_fisher_hearings@mnb.uscourts.gov or by telephone at 651-848-1061 to obtain the dial-in information. Dial-in instructions for telephonic hearings will also be displayed the day prior to the hearing on Judge Fisher's public calendar here: https://www.mnb.uscourts.gov/judges-calendars. Any person wanting to appear in person must contact Judge Fisher's Courtroom Deputy at 651-848-1061 at least 48 hours prior to the hearing.

---

[1] The Debtors in this jointly administered chapter 11 case are Raguse Family Partnership (26-60308), R.A.G. Holdings, LLC (26-60309), Red Rock Cattle, LLC (26-60310), Tru Ag LLC (26-60311), David Raguse and Susan Raguse (26-60312), and Truman Raguse (26-60313).

3. Any response to the Motion shall be filed and served no later than Tuesday August 18, 2026, which is seven days prior to the date of the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. This Court has jurisdiction over this motion under 28 U.S.C. § 1334, Bankruptcy Rule 5005 and Local Rule 1070-1.

5. The petitions commencing these cases were filed on May 14, 2026 (the "Petition Date"). The cases are now pending before this court.

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The moving debtor consents to the Court entering a final order on the Motion.

7. Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.

8. This Motion seeks entry of an order approving a stipulation for adequate protection for a vehicle lender as described below.

9. The Motion arises under 11 USC §§ 361 and 363(e) and Rules 4001 and 9013 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

10. The Debtors own and operate farming operations in Minnesota and North Dakota.

11. The events precipitating the Debtors; chapter 11 filing are described in the Declaration of Truman Raguse, filed on May 14, 2026 in Bky 26-60308.

12. On May 14, 2026, each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Minnesota. The Debtors continue to operate their businesses and manage their

properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

12. The individual Debtors are as follows:

- <u>David Raguse and Susan Raguse (the "Raguse Spouses")</u>. David Raguse and Susan Raguse are individuals and married to each other. The Raguse Spouses reside in the State of Minnesota.

  - David Raguse holds significant ownership interests in several of the entity Debtors, as set forth more fully below and owns several parcels of real property upon which the entity Debtors conduct their farming operations.

  - Susan Raguse holds a twenty-five percent (25%) ownership interest in Debtor Raguse Family Partnership.

- <u>Truman Raguse</u>. Truman Raguse is an individual residing in the State of Minnesota. Truman Raguse holds ownership interests in Debtors Raguse Family Partnership, RAG Holdings, Red Rock Cattle Company, is the sole owner of Debtor Tru Ag LLC and owns parcels of real estate upon which the entity Debtors conduct their farming operations.

13. The Entity Debtors are as follows:

- <u>Raguse Family Partnership (the "Partnership")</u>. The Partnership is a Minnesota partnership owned by David Raguse (42%), Susan Raguse (25%), and Truman Raguse (33%).

3

- <u>R.A.G. Holdings, LLC</u>. RAG Holdings is a Minnesota entity owned equally by David Raguse (50%) and Truman Raguse (50%).

- <u>Tru Ag LLC</u>. Tru Ag LLC is a Minnesota limited liability company wholly owned by Truman Raguse (100%).

- <u>Red Rock Cattle, LLC (the "Red Rock Cattle")</u>. The Cattle Company is a Minnesota entity owned equally by David Raguse (50%) and Truman Raguse (50%).

14. On May 19, 2026 (ECF 40) the Court granted a motion to jointly administer the partnership and all the LLC entity bankruptcy estates. Further, on June 10, 2026 (ECF 42), the Court ordered that the individual Chapter 11s be jointly administered along with the entity bankruptcies and directed that all filings be made in the lead case of Raguse Family Partnership, 26-60608.

15. This motion concerns a loan agreement between Mid-Minnesota Federal Credit Union ("Mid-Minnesota") and Debtor David Raguse dated August 11, 2025 for a used 2019 Ford Transit Van ("The Van Loan"). The Van Loan is attached to the stipulation sought to be approved by this motion as Exhibit A. Until the Petition Date, David Raguse was current on the payments under the terms of the Van Loan, but, pursuant to 11 USC § 549, has made no payments on the loan since that time.

16. Mid-Minnesota has now asked to be provided adequate protection as provided for by 11 USC §§ 361 and 363(e). The Ford Transit Van is used solely by the Raguse Family partnership for business purposes. Based on this use, the Raguse Family Partnership has agreed to provide adequate protection in the form and amounts

set forth in the attached stipulation and Mid-Minnesota has agreed to those terms and conditions.

17. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the District of Minnesota; (b) the members of the Official Creditor's Committee and their counsel, holders of the twenty (20) largest unsecured claims against Debtors David and Susan Raguse; (c) all known secured creditors of all of the Debtors including Mid-Minnesota Federal Credit Union; (d) all parties who have filed a notice of appearance in any of the Cases; and (e) all other parties required to receive notice pursuant to Federal Rule of Bankruptcy Procedure Rules 4001 and 9013 and applicable Local Rules. The moving Debtor submits that no further notice of this Motion is required.

18. No prior motion for the relief requested herein has been made to this or any other court.

19. Pursuant to Local Rule 9013-2(a), this Motion is verified and accompanied by a memorandum of law, proposed order, and proof of service.

20. Pursuant to Local Rule 9013-1(b)(3), the Debtors give notice that it may, if necessary, call David or Truman Raguse, to testify on behalf of the Debtors about any factual matters identified in this Motion.

WHEREFORE, the Debtor respectfully requests that the Court grant the Motion and approve the Stipulation for Adequate Protection and order such other and further relief as the court may deem just and equitable.

Dated: July 31, 2026

*/s/ Kenneth C. Edstrom*  
Kenneth C. Edstrsom (148696)  
Alexander J. Beeby (398286)  
Abigaile M. Denne (506663)  
Sapientia Law Group, PLLC  
120 South Sixth Street, Suite 100  
Minneapolis, MN 55402  
612-756-7100  
kene@sapientialaw.com  
alexb@sapientialaw.com  
abigild@sapientialaw.com

Counsel for Individual Debtors  
Truman Raguse and  
David and Susan Raguse

# VERIFICATION

David Raguse, the Debtor identified herein, under penalty of perjury declares that the facts set forth in the Motion, the exhibits and the accompanying documents are true to the best of his own personal knowledge.

July 31, 2026 /s/ *David Raguse*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re

Raguse Family Partnership, *et al.*,[1]                    Lead Case No. 26-60308-WJF, *et al.*
                                                            (Jointly Administered Chapter 11)

                    Debtors.

**MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF STIPULATION**
**FOR ADEQUATE PROTECTION**

The facts supporting the motion are set forth in the Notice of Motion and Motion.

ARGUMENT

The Debtor and the Counterparty to The Stipulation Are Entitled To An Order Approving
The Stipulation Providing for Adequate Protection.

An entity is entitled to adequate protection when it is stayed from enforcing its interest in

its property. As provided in 11 U.S.C. § 361, adequate protection may be provided by periodic

payments, additional or replacement liens, or the indubitable equivalent of the creditor's interest

in the property.  The standards for adequate protection in the Eighth Circuit are set forth in *In re*

*Martin*, 761 F.2d 472 (8th Cir. 1985).

> The concept of adequate protection was designed to "*insure* that the secured
> creditor receives the *value* for which he bargained." Congress explicitly stated
> that *value* was to be considered a flexible concept "to permit the courts to adapt to
> varying circumstances and changing modes of financing," and that such matters
> "are [to be] left to case-by-case interpretation and development." Because Congress
> intended that *value* was to be determined on a case-by-case basis, that which is
> designed to protect value, *i.e.,* adequate protection, must also be determined on a

---

[1] The Debtors in this jointly administered chapter 11 case are Raguse Family Partnership (26-60308), R.A.G.
Holdings, LLC (26-60309), Red Rock Cattle, LLC (26-60310), Tru Ag LLC (26-60311), David Raguse and Susan
Raguse (26-60312), and Truman Raguse (26-60313).

case-by-case basis, permitting the debtors "maximum flexibility in structuring a proposal for adequate protection."

*In re Martin,* 761 F.2d 472, 474 (8th Cir. 1985) (internal citations omitted).

Section 363(e) of the bankruptcy code provides:

Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. This subsection also applies to property that is subject to any unexpired lease of personal property (to the exclusion of such property being subject to an order to grant relief from the stay under section 362).

The debtor in possession bears the burden of proving that the secured party is adequately protected. *See In re Colonial Ctr., Inc.,* 156 B.R. 452, 463 (Bankr. E.D. Penn. 1993). Specifically, section 363(o)(1) provides: "In any hearing under this section [363]--the trustee has the burden of proof on the issue of adequate protection." 11 U.S.C. § 363(o)(1).

In this case, the parties to the Stipulation, Debtor David Raguse and the Mid-Minnesota Credit Union, have agreed on a form of adequate protection, payments of monthly payments in the amount of $140/month and a promise to keep the credit union as a loss payee on the van's insurance policy. The Court should find that the offer of adequate protection is sufficient to allow the Debtor David Raguse to use the van in the ordinary course of his business and the business of the entity debtors.

CONCLUSION

For the reasons set forth herein, David Raguse requests that the Court enter the proposed order attached to the motion.

Dated:  July 31, 2026     SAPENTIA LAW GROUP, PLLC


By: /s/ *Kenneth C. Edstrom*
Kenneth C. Edstrom (#148696)
120 South Sixth Street, Suite 100
Minneapolis, MN 55402
(612) 756-7100
kene@sapentialaw.com

Attorneys for Debtors David, Susan and Truman
Raguse

In re

Raguse Family Partnership, *et al.*,[1]

Debtors.

Lead Case No. 26-60308-WJF, *et al.*
(Jointly Administered Chapter 11)

## STIPULATION FOR ADEQUATE PROTECTION

### RECITALS

1. WHEREAS, Mid-Minnesota Federal Credit Union ("Mid-Minnesota"), and David Raguse entered into a finance agreement dated August 11, 2025 for a used 2019 Ford Transit Van (the "Van Loan"); and

2. WHEREAS, The Ford Transit Van is more fully described in the Van Loan, a true copy of which is attached to this stipulation as Exhibit A; and

3. WHEREAS, the Ford Transit Van is used exclusively for the business of the Raguse Family Partnership.

4. WHEREAS, until the Petition Date, the debtors were current on the payments under the terms of the Van Loan, but, pursuant to 11 USC § 549, have made no payments on the loan since that time; and

5. WHEREAS, Mid-Minnesota has filed a proof of claim in Bky File 26-60313 as a fully secured creditor in the amount of $15,322.61; and

---

[1] The Debtors in this jointly administered chapter 11 case are Raguse Family Partnership (26-60308), R.A.G. Holdings, LLC (26-60309), Red Rock Cattle, LLC (26-60310), Tru Ag LLC (26-60311), David Raguse and Susan Raguse (26-60312), and Truman Raguse (26-60313).

6.     WHEREAS, Mid-Minnesota has requested to be adequately protected for its interest in the 2019 Ford Transit Van and David Raguse and the Raguse Family partnership have agreed to provide Mid-Minnesota with adequate protection as set forth below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED BETWEEN DEBTORS AND MID-MINNESOTA AS FOLLOWS:**

1. Starting in August of 2026 and continuing until confirmation, Debtor Raguse Family Partnership shall make monthly adequate protection payments to Mid-Minnesota in the amount of $140.00.

2. As further adequate protection, the Debtors shall continue to have Mid-Minnesota be designated as a loss-payee on any insurance on the 2019 Ford Transit Van.

3. Nothing in this Stipulation shall be construed as approval by Mid-Minnesota as to any plan of reorganization filed by any debtor and Mid-Minnesota specifically reserves all rights it has under state law, the Van Loan and the US Bankruptcy Code in connection with their claim against the Debtors.

4. This Stipulation may be executed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

5. The filing party has permission to file this stipulation affixed with the signature of the non-filing party's attorney.


The rest of this page is intentionally left blank

WHEREFORE, the parties affix their signatures to evidence their agreement to the terms.

| | |
|---|---|
| Dated: July 31, 2026 | Stewart, Zlimen & Jungers, Ltd.<br><br>s/ Bradley J. Halberstadt<br>By: Bradley J. Halberstadt (#215296)<br>Stewart, Zlimen & Jungers, Ltd.<br>2860 Patton Road<br>Roseville, MN  55113<br>Phone:  651-366-6380, Ext. 106<br>ed@szjlaw.com<br>Attorneys for Mid-Minnesota Federal Credit Union |
| Dated: July 31, 2026 | DAVID RAGUSE, DEBTOR<br><br>*/s/ David Raguse*<br><br>RAGUSE FAMILY PARTNERSHIP<br><br>/s/ *Truman Raguse*<br>by: Truman Raguse, Manager<br><br>Approved as to Form:<br>Kenneth C. Edstrom, 148696<br>SAPIENTIA LAW GROUP, PLLC<br>120 S 6th St Ste 100<br>Minneapolis MN 55402<br>Phone: 612 756-7100<br>Kene@sapientialaw.com<br>Attorney for David, Susan and Truman Raguse<br><br>Approved as to Form:<br><br>James M. Jorissen, #262833<br>2200 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>Telephone: 612-977-8400<br>Facsimile: 612-977-8650<br>Email: jjorissen@taftlaw.com<br>Attorneys for the entity debtors |

Minnesota Department of Public Safety
Driver and Vehicle Services
445 Minnesota St, St Paul, MN 55101
 **Web**: drive.mn.gov       **Phone**: 651-297-2126
 **TTY** for hearing impaired customers: 651-282-6555

## Notification of Lien Perfection

**Retain this document** – See reverse side of this form for removing this lien.

Pre-Sorted
First-Class Mail
U.S. POSTAGE
PAID
Permit No. 171
Twin Cities MN

PS2701-10

| Plate no. | Make | Title no. | VIN |
|---|---|---|---|
| SML693 | FORD | 24701328-1 | 1FTYR3XM5KKB25666 |

| Model Yr. | Model | Security Date | Lien Holder |
|---|---|---|---|
| 19 | VNTCN | 08/11/25 | 1ST SECURED PARTY |

RAGUSE DAVID DEAN
6867 740TH ST
WHEATON MN 562965504

T10  P1*******AUTO**5-DIGIT 56441
MID MINNESOTA FEDERAL CREDIT UNI
PO BOX 746
BRAINERD MN  56401-0746

07/16/2026

# ◢◣LAW 553-MN-ARB-eps 8/24

## RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE
### (WITH ARBITRATION PROVISION)

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| DAVID DEAN RAGUSE<br>6867 740TH ST<br>WHEATON, MN 56296<br>TRAVERSE | N/A | QUALITY TOYOTA<br>1125 W. Lincoln Ave.<br>Fergus Falls, MN 56537 |
| Cell: (320)818-0992 | Cell: N/A | |
| Email: N/A | Email: N/A | |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller-Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2019 | FORD TRANSIT VAN | 1FTYR3XM5KKB25666 | Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural  ☐ _____ N/A |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 0.00 |
|---|---|---|---|---|
| 13.94 % | $ 6,719.32 | $ 16,701.68 | $ 23,421.00 | $ 23,421.00 (e) |

(e) means an estimate

### Your Payment Schedule Will Be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | $ 390.35 | MONTHLY  beginning  09/25/2025 |
| N/A | $ N/A | N/A |
| | | N/A |

**Late Charge.** ☒ If the preceding box is checked and payment is not received within 10 days after it is due, you will pay a late charge of $ 9.88 or 5% of the full payment amount, whichever is greater.

**Prepayment.** If you pay early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

☐ If this box is checked, the following late charge applies to vehicles purchased primarily for business or agricultural use.

If a payment is not received in full within N/A days after it is due, you will pay a late charge of $ N/A or N/A % of the part of the payment that is late, whichever is less.

If this box is not checked, the late charge in the "Federal Truth-In-Lending Disclosures" still applies.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 5 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _(signature)_ _____ Co-Buyer Signs X _____ N/A

Buyer Signs X _(signature)_ _____ Co-Buyer Signs X _____ N/A

07/16/2026

## ITEMIZATION OF AMOUNT FINANCED

1 Cash Price (including $ 1,031.18 sales tax)    $ 16,030.18 (1)

2 Total Downpayment =

Trade-in N/A

(Year)  (Make)  (Model)

| | | |
|---|---|---|
| Gross Trade-In Allowance | $ | N/A |
| Less Pay Off Made By Seller to N/A | $ | N/A |
| Equals Net Trade In | $ | N/A |
| + Cash | $ | N/A |
| + Other N/A | $ | N/A |
| + Other N/A | $ | N/A |
| + Other N/A | $ | N/A |

(If total downpayment is negative, enter "0" and see 4H below)    $ 0.00 (2)

3 Unpaid Balance of Cash Price (1 minus 2)    $ 16,030.18 (3)

4 Other Charges Including Amounts Paid to Others on Your Behalf

(Seller may keep part of these amounts):

A Cost of Optional Credit Insurance Paid to Insurance Company or Companies.

| | | |
|---|---|---|
| Life | $ | N/A |
| Disability | $ | N/A |

$ N/A

B Other Optional Insurance Paid to Insurance Company or Companies    $ N/A

C Official Fees Paid to Government Agencies    $ N/A

to N/A    for N/A    $ N/A

to N/A    for N/A    $ N/A

to N/A    for N/A    $ N/A

D Optional Gap Contract    $ N/A

E Government Taxes Not Included in Cash Price    $ N/A

F Government License and/or Registration Fees

LICENSE AND/OR REGISTRATION FEES    $ 301.00

G Government Certificate of Title Fees    $ 20.50

H Other Charges (Seller must identify who is paid and describe purpose)

| | | | |
|---|---|---|---|
| to N/A | for Prior Credit or Lease Balance | $ | N/A |
| to QUALITY TOYOTA | for DOC FEE | $ | 350.00 |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |

Total Other Charges and Amounts Paid to Others on Your Behalf    $ 671.50 (4)

5 Amount Financed (3 + 4)    $ 16,701.68 (5)

---

OPTION: ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before N/A , Year N/A . SELLER'S INITIALS N/A

---

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation agreement) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term N/A Mos.    N/A
Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X    N/A

---

Returned Check Charge: You agree to pay a charge of $ 30.00 , as the law allows, if any check you give us is dishonored.

Buyer Signs X    Co-Buyer Signs X    N/A

---

Insurance. You may buy the physical damage insurance this contract requires from anyone you choose that is acceptable to us. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other insurance to obtain credit.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

### Check the insurance you want and sign below:
### Optional Credit Insurance

☐ Credit Life:    ☐ Buyer ☐ Co-Buyer    ☐ Both

☐ Credit Disability:    ☐ Buyer ☐ Co-Buyer    ☐ Both

Premium:

Credit Life $ N/A

Credit Disability $ N/A

Insurance Company Name N/A

N/A

Home Office Address N/A

N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

### Other Optional Insurance

☐ N/A    N/A
Type of Insurance    Term

Premium $ N/A

Insurance Company Name N/A

N/A

Home Office Address N/A

N/A

☐ N/A    N/A
Type of Insurance    Term

Premium $ N/A

Insurance Company Name N/A

N/A

Home Office Address N/A

N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost. I want the insurance checked above.

X N/A    N/A
Buyer Signature    Date

X N/A    N/A
Co-Buyer Signature    Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS. WITHOUT SUCH INSURANCE YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.**

LAW 553-MN-ARB-eps 8/24 v1    Page 2 of 5

07/16/2026

## OTHER IMPORTANT AGREEMENTS

### 1. FINANCE CHARGE AND PAYMENTS
a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.

c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

### 2. YOUR OTHER PROMISES TO US
a. **If the vehicle is damaged, destroyed, or missing.**
You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. **Security interest.**
You give us a security interest in:
- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

d. **Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and charge you must pay.
The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate

shown on page 1 of this contract, or, at our option, the highest rate the law allows.
If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

### 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES
a. **You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
- You do not pay any payment on time;
- You give false, incomplete, or misleading information during credit application;
- You start a proceeding in bankruptcy or one is started against you or your property; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. **You may have to pay collection costs.** If we hire an attorney who is not our salaried employee to collect what you owe, you will pay the attorney's fee not exceeding 15% of the amount due under this contract and court costs as the law allows.

d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.

e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us, unless the law provides otherwise. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

Buyer Signs X _____ Co-Buyer Signs X ___ N/A _____ *LAW 553-MN-ARB-eps 8/24 v1* Page 3 of 5

07/16/2026

g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

## 4. WARRANTIES SELLER DISCLAIMS

The following paragraph does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. The following paragraph also does not apply at all if the vehicle is a new vehicle you bought primarily for personal, family, or household use.

**Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle and there will be no implied warranties of merchantability or of fitness for a particular purpose.**

## 5. SERVICING AND COLLECTION CONTACTS

In consideration of our extension of credit to you, you agree to provide us your contact information for our servicing and collection purposes. You agree that we may use this information to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you. You agree to allow our agents and service providers to contact you as agreed above.

You agree that you will, within a reasonable time, notify us of any change in your contact information.

## 6. APPLICABLE LAW

Federal law and the law of the state of Minnesota apply to this contract.

## 7. NEGATIVE CREDIT REPORT NOTICE

**We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.**

Buyer Signs X _____ Co-Buyer Signs X _____ N/A _____

*LAW 553-MN-ARB-eps 8/24 v1*    Page 4 of 5

07/16/2026

## ARBITRATION PROVISION
### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.

2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.

3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, any allegation of waiver of rights under this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this Vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator only on an individual basis and not as a plaintiff in a collective or representative action, or a class representative or member of a class on any class claim. The arbitrator may not preside over a consolidated, representative, class, collective, injunctive, or private attorney general action. You expressly waive any right you may have to arbitrate a consolidated, representative, class, collective, injunctive, or private attorney general action. You or we may choose the American Arbitration Association (www.adr.org) or National Arbitration and Mediation (www.namadr.com) as the arbitration organization to conduct the arbitration. If you and we agree, you or we may choose a different arbitration organization. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this transaction was originated. We will pay the filing, administration, service, or case management fee and the arbitrator or hearing fee up to a maximum of $5,000, unless the law or the rules of the chosen arbitration organization require us to pay more. You and we will pay the filing, administration, service, or case management fee and the arbitrator or hearing fee over $5,000 in accordance with the rules and procedures of the chosen arbitration organization. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate any related or unrelated claims by filing any action in small claims court, or by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual or statutory public injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. You agree that you expressly waive any right you may have for a claim or dispute to be resolved on a class basis in court or in arbitration. If a court or arbitrator finds that this class arbitration waiver is unenforceable for any reason with respect to a claim or dispute in which class allegations have been made, the rest of this Arbitration Provision shall also be unenforceable.

---

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

---

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.     Buyer Signs X _____     Co-Buyer Signs X _____ N/A _____

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

See the rest of this contract for other important agreements.

**NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.**

**You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration provision above, before signing below. You confirm that you received a completely filled-in copy when you signed it.**

**IMPORTANT: THIS MAY BE A BINDING CONTRACT AND YOU MAY LOSE ANY DEPOSITS IF YOU DO NOT PERFORM ACCORDING TO ITS TERMS.**

Buyer Signs X _____ Date 08/11/2025   Co-Buyer Signs X _____ N/A _____ Date __ N/A __

Buyer Printed Name DAVID DEAN RAGUSE   Co-Buyer Printed Name N/A

If the "business" use box is checked in "Primary Use for Which Purchased": Print Name N/A   Title N/A

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _____ N/A _____   Address _____ N/A _____

Seller signs QUALITY TOYOTA   Date 08/11/2025   By X _____   Title F&I MNGR

Seller assigns its interest in this contract to MID MINNESOTA FEDERAL CREDIT UNION   (Assignee) under the terms of Seller's agreement(s) with Assignee.

[X] Assigned with recourse     ☐ Assigned without recourse     ☐ Assigned with limited recourse

Seller QUALITY TOYOTA

By X _____   _____ Title F&I MNGR

**LAW** FORM NO. 553-MN-ARB-eps (REV. 8/24)
©2024 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR
FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

*LAW 553-MN-ARB-eps 8/24 v1*   Page 5 of 5

07/16/2026

REFERENCES
NADA VALUE OR INVOICE IF NEW

**Comments**

**LTV Grid**

## Vehicle Values

**Guide ID: J.D. Power., Midwest Edition, Aug 9, 2025 17:03**
**VIN: 1FTYR3XM5KKB25666**

| | Loan | Trade-In | Retail |
|---|---|---|---|
| **[2019 Ford Transit Van / 250 148" EL Hi Rf 9000 GVWR** | | | |
| **Sliding RH Dr - T-250 148" EL Hi Rf 9000 GVWR Sliding RH** | $17,550.00 | $19,500.00 | $25,850.00 |
| **Dr] Base:** | | | |
| **Mileage: 187657** | $0.00 | $0.00 | $0.00 |
| Vehicle values shown are based on average mileage for the model year, unless specific vehicle mileage is entered | | | |
| **Vehicle Condition: Clean** | | | |
| **Cargo Racks/Bins** | $1,050.00 | $1,050.00 | $1,050.00 |
| **Total J.D. Power Value:** | $18,600.00 | $20,550.00 | $26,900.00 |

**Wholesale/Invoice: $20,550.00   Original MSRP: $39,715.00**

*\* Vehicle Valuations are provided as a dealership subscription service and are not Finance Source provided values; Finance Sources may use alternate valuation methods for the collateral.*

07/16/2026

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re

Raguse Family Partnership, *et al.*,[2]                    Lead Case No. 26-60308-WJF, *et al.*
                                                            (Jointly Administered Chapter 11)

                              Debtors.

---

UNSWORN CERTIFICATE OF SERVICE

---

I, Kenneth C. Edstrom, declare under penalty of perjury that on August 3, 2026, I caused the following documents:

1.      Notice of Motion and Motion for Approval of Stipulation for Adequate

        Protection as to Mid-Minnesota Credit Union;

2.      Verification

3.      Memorandum in Support of Motion;

4.      Stipulation; and

5.      Proposed Order.

to be served electronically with the Clerk of Court through ECF, and that the above document(s) will be delivered by automatic email notification to all ECF participants participating in this case, and this constitutes service or notice to those participants under Local Rule 9006-1(a).

In addition, the above, all parties entitled to notice under Local 9013-3 will be served through certificateofservice.com who will file an additional certificate of service.

Dated:  August 3, 2026                          Signed: /e/ *Kenneth C. Edstrom*
                                                         Kenneth C. Edstrom

---

[2] The Debtors in this jointly administered chapter 11 case are Raguse Family Partnership (26-60308), R.A.G. Holdings, LLC (26-60309), Red Rock Cattle, LLC (26-60310), Tru Ag LLC (26-60311), David Raguse and Susan Raguse (26-60312), and Truman Raguse (26-60313).

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re

Raguse Family Partnership, *et al.*,[3]

          Debtors.

Lead Case No. 26-60308-WJF, *et al.*
(Jointly Administered Chapter 11)

## ORDER APPROVING STIPULATION FOR ADEQUATE PROTECTION

This matter came before the Court on the Debtors' Motion for an Order Approving

a stipulation for adequate protection between David Raguse and Mid-Minnesota Credit

Union.

Based on the record, IT IS HEREBY ORDERED THAT:

1. The Debtor's motion is granted.

2. Per the terms of the stipulation between the parties, as adequate protection for Mid-Minnesota Credit Union the Debtor shall make adequate protection payments to Mid-Minnesota Credit Union in the amount of $140 per month starting in August of 2026 until further order of the Court or until confirmation of a plan of reorganization.

3. As further adequate protection, upon demand, Debtors shall maintain Mid-Minnesota Credit Union as a loss payee on the insurance policy for the 2019 Ford Van that is the subject of the Stipulation.

4. All objections to the entry of this Order are overruled.

5. As to any party required to be served under Local Rule 9013-2 that was not served in accordance with Federal Rule of Bankruptcy Procedure 7004, the Court deems notice adequate pursuant to Local Rule 9029-1(b).

6. This order is specifically subject to any Cash Collateral budget approved by the Court.

7. This order shall be effective and enforceable immediately upon entry.

---

[3] The Debtors in this jointly administered chapter 11 case are Raguse Family Partnership (26-60308), R.A.G. Holdings, LLC (26-60309), Red Rock Cattle, LLC (26-60310), Tru Ag LLC (26-60311), David Raguse and Susan Raguse (26-60312), and Truman Raguse (26-60313).

BY THE COURT:

Dated:

_____
William Fisher
United States Bankruptcy Judge