**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:

| | |
|---|---|
| Raguse Family Partnership, et al.[1] | Lead Case No. 26-60308, et al.<br>**(Jointly Administered)** |
| Debtors. | Chapter 11 |

---

**APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF WEAVER AND TIDWELL, L.L.P AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF RAGUSE FAMILY PARTNERSHIP, ET AL. EFFECTIVE AS OF JUNE 5, 2026**

---

TO: THE UNITED STATES TRUSTEE AND OTHER PARTIES-IN-INTEREST AS SPECIFIED IN LOCAL RULES 2014-1 AND 9013-3(c)

The Official Committee of Unsecured Creditors (the "*Committee*") of Raguse Family Partnership, R.A.G. Holdings, LLC, Tru Ag LLC, Red Rock Cattle, LLC, David and Susan Raguse, and Truman Raguse, appointed by the United States Trustee on May 28, 2026 and June 5, 2026 in the above-captioned bankruptcy cases, hereby submits this application (the "*Application*") for authority to retain and employ Weaver and Tidwell, L.L.P ("*Weaver*") as financial advisor for the Committee effective as of June 5, 2026 pursuant to sections 328(a) and 1103 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Local Rules 2014-1 and 9013-3. In support hereof, the Committee submits concurrently herewith the Declaration of Joe Cashel (the "*Cashel Declaration*") and respectfully represents as follows:

---

[1] The Debtors are Raguse Family Partnership (Case No. 26-60308), R.A.G. Holdings, LLC (Case No. 26-60309), Tru Ag LLC (Case No. 26-60311), and Red Rock Cattle, LLC (Case No. 26-60310), David and Susan Raguse (Case No. 26-60312), and Truman Raguse (Case No. 26-60313).

## BACKGROUND

1. On May 14, 2026 (the "*Petition Date*"), Raguse Family Partnership and its affiliated debtors (collectively, the "*Debtors*") each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Minnesota (the "*Court*"). The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On May 28, 2026 and June 5, 2026, the United States Trustee appointed the Committee as an official committee to represent the interests of unsecured creditors of the Debtors pursuant to section 1102 of the Bankruptcy Code (ECF Nos. 60, 75.)

3. The Committee is comprised of the following entities:

| Member | Primary Representative |
|---|---|
| Archer Daniels Midland Company | Mark Speiser |
| CT Sibson Gravel & Crushing, Inc. | Cody Sibson |
| Innovative Sales Solutions, Inc. | John Peterson |

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Application constitutes a core proceeding pursuant to 28 U.S.C. § 157.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

6. By this Application, the Committee respectfully requests that this Court enter an order authorizing it to employ Weaver as financial advisor to the Committee, pursuant to sections 328(a) and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, effective as of June 5, 2026. A proposed form of order is attached hereto as **Exhibit A**.

## WEAVER'S QUALIFICATIONS

7. The Committee understands and recognizes that Weaver has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in chapter 11 cases on behalf of debtors and creditors throughout the United States. The services of Weaver are deemed necessary to enable the Committee to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value of their estates and to reorganize successfully. Further, Weaver is well-qualified and able to represent the Committee in a cost-effective, efficient and timely manner.

## SERVICES PROVIDED

8. The Committee believes that the services of Weaver are necessary to enable the Committee to execute its duties. The Committee contemplates that Weaver will provide the full range of services required to represent the Committee in the course of these chapter 11 cases including:

(a) Assisting in the review of financial-related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

(b) Assisting in the preparation of analyses required to assess compliance with orders pertaining to Debtor-In-Possession financing and use cash collateral and advise the Committee regarding any proposed modifications to such orders;

(c) Assisting with the assessment and monitoring of the Debtors' short-term cash flow, liquidity, and operating results;

(d) Assisting with the review of the Debtors' analysis of core business assets and the potential disposition or liquidation of non-core assets;

(e) Assisting with the review of the Debtors' cost/benefit analysis with respect to the affirmation or rejection of various executory contracts and leases to the extent occurring after its date of engagement;

(f) Assisting in the review and monitoring of the currently-in-process and any other asset sale processes, including, but not limited to an assessment of the adequacy of the marketing process, completeness of any buyer lists, review and quantifications of any bids;

(g) Assisting with review of any tax issues associated with, but not limited to, claims/stock trading, preservation of net operating losses, refunds due to the Debtors, plans of reorganization, and asset sales;

(h) Assisting in the claims reconciliation and estimation process;

(i) Assisting in the review of other financial information prepared by the Debtors, including, but not limited to, cash flow projections and budgets, business plans, cash receipts and disbursement analysis, asset and liability analysis, and the economic analysis of proposed transactions for which Court approval is sought;

(j) Attendance at meetings and assist in discussions with the Debtors, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these chapter 11 proceedings, the United States Trustee, other parties-in-interest and professionals hired by the same, as requested;

(k) Assisting in the review of insider compensation and management fee arrangements and payments made thereunder, related party transactions, and other management conduct from which causes of action may arise;

(l) Assisting in the review and/or preparation of information and analysis necessary for the confirmation of a plan and related disclosure statement in these chapter 11 proceedings;

(m) Assisting in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers;

(n) Assisting in the prosecution of Committee responses/objections to the Debtors' motions, including attendance at depositions and provision of expert reports/testimony on case issues as required by the Committee;

(o) Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial adviser and not duplicative of services provided by other professionals in this proceeding; and

(p) Provide reports and testimony regarding the foregoing to the extent necessary.

## TERMS OF EMPLOYMENT

9. The Committee desires to employ Weaver as its financial advisor. The Committee requests that all fees and related costs incurred by the Committee on account of services rendered by Weaver in these cases be paid as administrative expenses of the Debtors' estates in accordance with the Bankruptcy Code and applicable orders entered in these cases. Subject to the Court's approval, Weaver will charge for its financial advisory services on an hourly basis, billed in tenth-of-an-hour increments, in accordance with its hourly rates in effect on the date that such services were rendered. Weaver's billing rates for professionals for the 2026 calendar year range from $250 per hour for analysts to $795 per hour for partners and managing directors. Time devoted by administrative staff for the 2026 calendar year is $150 per hour (see table rate chart by level below).

| Level | Hourly Rate |
|---|---|
| Partner/Managing Director | $575-$795 |
| Director/Senior Manager | $445-$485 |
| Manager/Supervisor | $360-$385 |
| Senior Associate/Associate | $295-$315 |
| Intern/Analyst | $250-$275 |
| Administrative Staff | $150 |

These hourly rates are typically subject to periodic adjustments to reflect economic and other conditions.[2]

10. The names, position, and hourly rates for the 2026 calendar year of the Weaver professionals expected to be primarily responsible for providing services to the Committee, include: (a) Joe Cashel – Managing Director ($765/hour); and (b) Zachary Parkins – Director

[2] The rates charged by each Weaver professional differ based on, among other things, the geographic location of the office in which such professional is resident, such professional's level of experience, and the rates normally charged by similar professionals.

($485/hour). In addition, from time to time, it may be necessary for other Weaver professionals to provide services to the Committee.

11. Weaver intends to charge for identifiable, non-overhead expenses incurred in connection with these cases, which would not have been incurred except for representation of the Committee, in accordance with the guidelines of the United States Trustee. Weaver will charge only the amount actually incurred by Weaver in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, photocopying, travel expenses, and meals and lodging. Weaver will maintain detailed records of any actual and necessary costs incurred in connection with the aforementioned services.

12. Weaver intends to apply to the Court for allowance of such compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the District of Minnesota and applicable orders of this Court, and the guidelines, practices, and customs of the United States Trustee. Weaver has advised the Committee that Weaver may seek interim compensation during these cases as permitted by applicable sections of the Bankruptcy Code including sections 330 and 331, the applicable Local Rules and applicable orders of this Court. Similar to Lakeshore Food Advisors, LLC the financial advisors to the Debtors, Weaver hereby requests that it be authorized to file interim fee applications to be heard on ninety (90) day intervals.

## COMPLIANCE WITH LOCAL RULES

13. The Committee is requesting that this Application be approved retroactively to June 5, 2026, the date that Weaver was selected as financial advisor to the Committee. This Application is supported by a statement of disinterestedness and connections of Weaver as set forth therein. Further, courts have held that retroactive approval of a professional may be

granted by the bankruptcy court if timely requested and justified by the circumstances of the cases. *See, e.g.*, *City of Rockford v. Mallinckrodt (In re Mallinckrodt)*, 2022 WL 906451 (D. Del. Mar. 28, 2022); *In re Schupbach Investments, LLC*, 521 B.R. 449 (B.A.P. 10th Cir. 2014); *Matter of Singson*, 41 F.3d 316, 319 (7th Cir. 1994). Given the timeliness of the filing of this Application and the need to commence services immediately on behalf of the Committee, retroactive approval of the Application is appropriate under the circumstances.

14. Weaver has submitted this Application to the United States Trustee. The parties appearing on the Proof of Service relating to this Application have also received notice. Weaver submits that, in light of the nature of the relief requested, no other or further notice is necessary or required.

## WEAVER'S DISINTERESTEDNESS

15. Except as set forth in the Cashel Declaration, neither Weaver, nor any professional thereof: (a) hold or represent any interest adverse to the Committee or the estate; (b) represent a creditor of the same class as any member of the Committee in connection with these cases; or (c) represent any other entity in connection with these cases having an interest adverse to the Committee. Weaver does not hold or represent any interest materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders thereof and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

16. Weaver does not have any connection with the Debtors, their creditors, or other parties in interest or their respective attorneys or accountants, the United States Trustee or any person employed in the office of the United States Trustee, except as set forth in the Cashel Declaration.

**WHEREFORE**, the Committee respectfully requests the entry of an order: (a) authorizing and approving the employment of Weaver as financial advisor to the Committee effective as of June 5, 2026; and (b) granting such other and further relief as the Court deems appropriate.

Dated: June 23, 2026

Respectfully submitted,

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF RAGUSE FAMILY PARTNERSHIP, *et al.***

______________________________
Mark Speiser – not individually, but solely as Chairman of the Official Committee of Unsecured Creditors

Submitted by:

**WEAVER AND TIDWELL, L.L.P.**

*/s/ Joe Cashel*
Joe Cashel
Proposed Financial Advisor to the Committee