**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

RAGUSE FAMILY PARTNERSHIP, *et al.*[1]

Debtor.

Lead Case No. 26-60308, *et al.*
(Jointly Administered)

Hon. William J. Fisher Presiding

---

**NOTICE OF HEARING AND DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) EXTENDING THE DEADLINE TO FILE A CHAPTER 11 PLAN AND (B) EXTENDING THE DEBTORS' EXCLUSIVITY PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO 11 U.S.C. § 1121**

TO: THE PARTIES-IN-INTEREST AS SPECIFIED IN RULES 4001 AND 9013 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 9013-2.

1. Raguse Family Partnership ("RFP"), R.A.G. Holdings, LLC, Tru Ag LLC, Red Rock Cattle, LLC, David Raguse, Susan Raguse, and Truman Raguse, as debtors and debtors in possession in the above-captioned jointly administered chapter 11 cases (collectively, the "Debtors"), through their undersigned attorneys, move the Court for the relief requested below and give notice of hearing.

2. The Court will hold a hearing on this motion at 1:30 p.m. on Tuesday, September 8, 2026 before the Honorable William J. Fisher. The hearing will be conducted telephonically. Please contact Judge Fisher's Courtroom Deputy by email at mnb_fisher_hearings@mnb.uscourts.gov or by telephone at 651-848-1061 to obtain the dial-in information. Dial-in instructions for telephonic hearings will also be displayed the day prior to the hearing on Judge Fisher's public calendar here: https://www.mnb.uscourts.gov/judges-calendars.

[1] The Debtor in this jointly administered proceeding are Raguse Family Partnership (26-60308), R.A.G. Holdings, LLC (26-60309), Red Rock Cattle, LLC (26-60310), Tru Ag LLC (26-60311), David and Susan Raguse (26-60312), and Truman Raguse (26-60313).

Any person wanting to appear in person must contact Judge Fisher's Courtroom Deputy at 651-848-1061 at least 48 hours prior to the hearing.

3. Any response to the Motion shall be filed and served no later than Tuesday, September 1, 2026, which is seven days prior to the date of the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

## PRELIMINARY STATEMENT

4. By this Motion, the Debtors respectfully request that the Court extend, by 120 days each: (a) the period within which the Debtors have the exclusive right to file a chapter 11 plan under 11 U.S.C. § 1121(b) (the "Filing Exclusivity Period"), currently set to expire on September 11, 2026, through and including January 11, 2027; and (b) the period within which the Debtors have the exclusive right to solicit acceptances of a chapter 11 plan under 11 U.S.C. § 1121(c)(3) (the "Solicitation Exclusivity Period," and together with the Filing Exclusivity Period, the "Exclusivity Periods"), currently set to expire on November 10, 2026 (the "Plan Deadline"), through and including March 10, 2027.

5. The requested extension is modest in the context of this case, is supported by ample cause, and is necessary to permit the Debtors to complete ongoing negotiations for exit financing and to obtain the financial information necessary to propose a viable, confirmable plan of reorganization. As set forth in the accompanying declaration of Truman Raguse, the Debtors are preparing for exit financing negotiations that, if consummated, would provide the foundation for a plan capable of satisfying creditor claims.

6. To achieve exit financing the Debtors required the assistance of a new accounting team to complete a significant review and overhaul of the Debtor's accounting and reporting

practices. This overhaul will enhance the Debtors' financial reporting and provide a more accurate and detailed understanding of their business and financial affairs. Improved financial reporting and more accurate financial statement presentations are key to attracting exit financing and will help the Debtors to better manage cash flows and business operations. The Court recently approved Debtors' retention of the new accounting team. Their work is now underway but will take some time to complete.

7. In addition, because the Debtors' farming operations depend heavily on the 2026 harvest, the Debtors will not know the full extent of their harvest realization, and therefore will not have sufficient financial information to formulate and propose a confirmable plan, until at or near the end of November 2026-after both the current Filing Exclusivity Period and Plan Deadline would otherwise expire.

8. During the course of this case, the Debtor has already achieved significant milestones that involved complex negotiations and took a significant amount of time and resources to accomplish including obtaining an agreement and court approval for interim and final orders authorizing DIP financing. Post-petition funding was critical to the Debtor's ability to resume operations which were halted prepetition due to the limited availability of cash. At the commencement of this bankruptcy case, the Debtors focused their efforts to secure immediate funding and, upon receipt, the Debtors deployed funds exclusively derived from DIP financing to plant crops and acquire cattle.

9. The Debtors also experienced unforeseen operating challenges involving the cattle farming operation. After the Petition Date, the Debtors acquired cattle from a third-party seller. Some of the cattle were later determined to be persistently infected ("PI-positive") with a highly contagious and deadly bovine disease. The introduction of PI-positive animals into the herd caused

the disease to spread and resulted in the loss of approximately 90 head of cattle. More than 1,000 veterinary treatments were administered to effectively contain the outbreak. The effort to identify and isolate PI-positive cattle and to immunize and protect the remainder of the herd consumed significant manhours. Debtors estimate they have incurred approximately $300,000 in losses to date. The Debtors are in communication with the seller seeking recovery for actual and estimated losses. If those efforts fail, the Debtors anticipate that they will have causes of action arising out of the cattle purchase. Debtors are in the process of ascertaining their rights and the value of the claim. This unexpected outbreak required the Debtors to divert significant time, attention, and resources away from plan-related activities in order to contain the disease and stabilize the herd, further supporting the need for additional time before the Debtors can propose a confirmable plan.

10. Absent an extension, the Debtors would be forced to file a plan and disclosure statement before they have adequate information regarding many of the most significant variables affecting their prospects for a successful reorganization: those include, but are not limited to, theterms of exit financing and the results of the current harvest. Requiring the Debtors to propose a plan under these circumstances would not serve the interests of the Debtors, their creditors, or the reorganization process generally. The relief requested herein will permit the Debtors to propose a plan informed by far more complete and accurate information, thereby increasing the likelihood of a successful, confirmable plan and avoiding the costs and delays associated with a premature or unconfirmable filing.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

12. Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

13. The statutory basis for the relief requested herein is 11 U.S.C. § 1121(d), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the applicable Local Rules of this Court.

## PROCEDURAL AND FACTUAL BACKGROUND

14. On May 14, 2026 (the "Petition Date"), Raguse Family Partnership and its affiliated Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing these jointly administered cases (the "Cases").

15. The Debtors continue to operate their businesses and manage their property as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No trustee or examiner has been appointed, and no official committee of unsecured creditors has been appointed in the Cases.

16. Together, the Debtors operate a diversified crop and cattle farming enterprise in the Red River Valley of Minnesota and North Dakota, growing corn, soybeans, white corn, and sugar beets, which, since the Petition Date, operates approximately 6,300 acres, and historically feeding and supporting approximately 1,100 head of cattle, with capacity for up to 5,000 head.

17. The Debtors commenced these Cases as a result of a combination of factors largely outside their control, including adverse weather conditions, rising input costs exacerbated by tariffs, declining commodity prices, high interest rates, and the tightening of credit available to

agricultural producers generally and to these Debtors specifically, which together placed significant strain on the Debtors' operations and liquidity.

18. The Debtors have not previously sought an extension of the Filing Exclusivity Period, the Solicitation Exclusivity Period, or the Plan Deadline.

19. Absent the relief requested herein, the Filing Exclusivity Period will expire on September 11, 2026, and the Plan Deadline will expire on November 10, 2026.

## RELIEF REQUESTED

20. By this Motion, the Debtors seek entry of an order: (a) extending the Filing Exclusivity Period by 120 days, through and including January 11, 2027; (b) extending the Solicitation Exclusivity Period and Plan Deadline by 120 days, through and including March 10, 2027; (c) providing that such extensions are without prejudice to the Debtors' rights to seek further extensions consistent with 11 U.S.C. § 1121(d), or to any party in interest's rights to seek to terminate the Exclusivity Periods for cause; and (d) granting such other and further relief as the Court deems just and equitable under the circumstances.

## ARGUMENT

### A. Legal Standard

21. 11 U.S.C. § 1121(b) provides that only a debtor may file a plan during the first 120 days after the order for relief. 11 U.S.C. § 1121(c)(3) provides that if the debtor timely files a plan within that 120-day period, only the debtor may solicit acceptances of that plan during the 180-day period following the order for relief.

22. 11 U.S.C. § 1121(d)(1) provides that, "on request of a party in interest made within the respective periods . . . and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section."

23. Although "cause" is not defined in the Bankruptcy Code, Congress intended the term to be construed flexibly to allow a debtor a reasonable opportunity to negotiate an acceptable plan and to prevent the loss of exclusivity from being used as a tool for creditors to force a premature plan or unwarranted concessions from the debtor. Courts evaluate requests to extend exclusivity based on the totality of the circumstances, considering factors that include, among others: (a) the size and complexity of the case; (b) the existence of good-faith progress toward reorganization; (c) whether the debtor is paying its debts as they come due; (d) whether the debtor has made progress in negotiations with its creditors; (e) the amount of time that has elapsed in the case; (f) whether the debtor is seeking an extension to pressure creditors; and (g) whether an unresolved contingency exists. Not every factor is relevant in every case, and courts apply only the subset of factors relevant to the circumstances presented. See *Bunch v. Hoffinger Indus. (In re Hoffinger Indus.)*, 292 B.R. 639, 643-44 (B.A.P. 8th Cir. 2003).

**B. Cause Exists to Extend the Exclusivity Periods and the Plan Deadline**

***1. The Debtors' Farming Operations Present Meaningful Complexity***

24. Although the Debtors' cases are jointly administered for procedural purposes, the Debtors' businesses involve an integrated, multi-entity farming and cattle operation spanning approximately 6,300 acres of row crops and cattle operations with capacity for up to 5,000 head, each with distinct revenue streams, financing arrangements, and operational needs. Structuring a plan that appropriately accounts for the interrelated finances of the Debtors, addresses each secured creditor's collateral position, and incorporates the terms of exit financing requires additional time beyond the initial statutory periods.

### *2.* The Individual Debtors' Interests Are Intertwined with the Interests of the Business Debtors

25. The individual Debtors, David Raguse, Susan Raguse, and Truman Raguse, are general partners and owners of the Debtor entities and have contributed their personal capital and credit to support the businesses' operations. Their individual financial affairs are, as a result, closely intertwined with the financial condition and performance of Raguse Family Partnership, R.A.G. Holdings, LLC, Red Rock Cattle, LLC, and Tru Ag LLC.

26. Even if the individual Debtors' plans are not ultimately proposed jointly with the plans of the entities they own, the individual Debtors' ability to propose a viable, confirmable plan will, for substantially the same reasons applicable to the business Debtors, depend on the economic performance of the farming, cattle, and other business operations, including the outcome of the pending exit financing negotiations and the results of the 2026 harvest. Extending the Exclusivity Periods and Plan Deadline for the individual Debtors is therefore equally warranted and necessary to permit them to propose plans informed by the same information required by the business Debtors.

### ***3. The Debtors Are Making Good-Faith Progress Toward Reorganization, Including Active Exit Financing Negotiations***

27. This factor weighs heavily in favor of the requested extension. Since the Petition Date, the Debtors have made meaningful and demonstrable progress toward reorganization, including through active and ongoing negotiations concerning exit financing that would refinance the Debtors' secured obligations and fund a plan of reorganization.

28. The Debtors are continuing to engage with prospective lenders regarding the terms of such exit financing. Those negotiations remain ongoing, and additional time is necessary to finalize the terms of that financing and to translate the results of those negotiations into a viable,

confirmable plan. Courts have consistently recognized that a debtor's active and substantive pursuit of financing necessary to fund a plan of reorganization constitutes good-faith progress toward reorganization warranting an extension of exclusivity.

#### ***4. The Debtors Require Additional Time to Assess the Results of the 2026 Harvest***

29. In addition to the pending exit financing negotiations, the Debtors' ability to propose a confirmable plan depends materially on the results of the Debtors' 2026 harvest. The Debtors' farming operations generate the substantial majority of their revenue from the annual harvest of corn, soybeans, white corn, and sugar beets, and the full extent of the Debtors' realization on that harvest will not be known until on or about the end of November 2026.

30. Without knowing the results of the harvest, the Debtors will lack the financial information necessary to project future revenues, assess the feasibility of any proposed plan, and formulate plan terms capable of satisfying the feasibility requirements of 11 U.S.C. § 1129(a)(11). Requiring the Debtors to file a plan before the current Filing Exclusivity Period and Plan Deadline expire-and therefore before the Debtors know the results of the harvest-would force the Debtors to propose a plan based on incomplete information, undermining the very purpose of the plan process.

#### ***5. The Debtors Are Meeting Their Postpetition Obligations***

31. Since the Petition Date, the Debtors have been meeting their postpetition obligations in the ordinary course of business, reflecting the Debtors' continued commitment to responsible administration of their estates while the exit financing negotiations and the 2026 harvest proceed to completion.

### *6. These Cases Are at a Relatively Early Stage*

32. These Cases remain at a relatively early stage. The Petition Date was May 14, 2026, and courts have consistently recognized that where a debtor is diligently pursuing plan-related activities in the months following the petition date, an extension of exclusivity is appropriate to allow the debtor to present creditors with a more refined business plan and financial projections, which necessarily depend on both the completion of financing negotiations and the results of the current growing season.

### *7. The Extension Is Not Sought to Pressure Creditors*

33. The Debtors are not seeking this extension as a tactical device to pressure their creditors. The extension is sought solely to allow the Debtors sufficient time to complete the exit financing negotiations and to obtain the harvest-related financial information necessary to propose a viable, confirmable plan that maximizes value for all stakeholders.

34. No prior request for the relief sought in this Motion has been made to this or any other court.

## NOTICE

35. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the District of Minnesota; (b) counsel for the Debtors' secured lenders; (c) the Debtors' twenty largest unsecured creditors; and (d) all parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order: (a) extending the Filing Exclusivity Period by 120 days, through and including January 11, 2027; (b) extending

the Solicitation Exclusivity Period and Plan Deadline by 120 days, through and including March 10, 2027; (c) providing that such extensions are without prejudice to the Debtors' rights to seek further extensions consistent with 11 U.S.C. § 1121(d) or to any party in interest's rights to seek termination of the Exclusivity Periods for cause; and (d) granting such other and further relief as the Court deems just and equitable under the circumstances.

Dated: August 17, 2026

Respectfully submitted,

**TAFT STETTINIUS & HOLLISTER LLP**

By: *<u>/s/ James M. Jorissen</u>*
James M. Jorissen, #262833
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 977-8400
Facsimile: (612) 977-8650
jjorissen@taftlaw.com

Landon S. Raiford
111 East Wacker, Suite 2600
Chicago, IL 60601-4208
Telephone: (312) 527-4000
lraiford@taftlaw.com

Kimberly Ross Clayson
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone: (248) 351-3000
kclayson@taftlaw.com

**COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION**

**SAPIENTIA LAW GROUP**

By: *<u>/s/ Kenneth C. Edstrom</u>*
Kenneth C. Edstrom (#148696)
Alexander J. Beeby (#398286)
120 South Sixth Street, Suite 100
Minneapolis, MN 55402
Telephone: (612) 756-7100
kene@sapientialaw.com
alexb@sapientialaw.com

**COUNSEL FOR THE INDIVIDUAL DEBTORS**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

RAGUSE FAMILY PARTNERSHIP, *et al.*[2]

Debtor.

Lead Case No. 26-60308, *et al.*
(Jointly Administered)

Hon. William J. Fisher Presiding

---

**MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER (A) EXTENDING THE DEADLINE TO FILE A CHAPTER 11 PLAN AND (B) EXTENDING THE DEBTORS' EXCLUSIVITY PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO 11 U.S.C. § 1121**

The facts and law supporting the motion are set forth in the *Notice of Motion and Motion for Entry of an Order (A) Extending the Deadline to File a Chapter 11 Plan and (B) Extending the Debtors' Exclusivity Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to 11 U.S.C. § 1121* (the "Motion").

**ARGUMENT**

Section 1121(d)(1) of the Bankruptcy Code provides that, "on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." Section 1121(b) fixes the Filing Exclusivity Period at 120 days after the order for relief, and section 1121(c)(3) fixes the Solicitation Exclusivity Period at 180 days after the order for relief.

[2] The Debtor in this jointly administered proceeding are Raguse Family Partnership (26-60308), R.A.G. Holdings, LLC (26-60309), Red Rock Cattle, LLC (26-60310), Tru Ag LLC (26-60311), David and Susan Raguse (26-60312), and Truman Raguse (26-60313).

As set forth more fully in the Motion, cause exists to extend the Filing Exclusivity Period[3] by 120 days, through and including January 11, 2027 and to extend the Solicitation Exclusivity Period and Plan Deadline by 120 days, through and including March 10, 2027

**CONCLUSION**

For the reasons set forth herein, the Debtors request that the Court enter the proposed order attached to the motion.

Dated: August 17, 2026

Respectfully submitted,

**TAFT STETTINIUS & HOLLISTER LLP**

By: *<u>/s/ James M. Jorissen</u>*
James M. Jorissen, #262833
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 977-8400
Facsimile: (612) 977-8650
jjorissen@taftlaw.com

Landon S. Raiford
111 East Wacker, Suite 2600
Chicago, IL 60601-4208
Telephone: (312) 527-4000
lraiford@taftlaw.com

Kimberly Ross Clayson
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone: (248) 351-3000
kclayson@taftlaw.com

**COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION**

[3] Capitalized terms are adopted from the defined terms contained in the Motion.

**SAPIENTIA LAW GROUP**

By: *<u>/s/ Kenneth C. Edstrom</u>*
Kenneth C. Edstrom (#148696)
Alexander J. Beeby (#398286)
120 South Sixth Street, Suite 100
Minneapolis, MN 55402
Telephone: (612) 756-7100
kene@sapientialaw.com
alexb@sapientialaw.com

**COUNSEL FOR THE INDIVIDUAL DEBTORS**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

RAGUSE FAMILY PARTNERSHIP, *et al.*[1]

Debtor.

Lead Case No. 26-60308, *et al.*
(Jointly Administered)

Hon. William J. Fisher Presiding

---

**DECLARATION OF TRUMAN RAGUSE IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER (A) EXTENDING THE DEADLINE TO FILE A CHAPTER 11 PLAN AND (B) EXTENDING THE DEBTORS' EXCLUSIVITY PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO 11 U.S.C. § 1121**

I, Truman Raguse, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a General Partner of Raguse Family Partnership (the "Partnership"), Vice-President of R.A.G. Holdings, LLC, President of Tru Ag LLC, and Vice-President of Red Rock Cattle, LLC, each a debtor and debtor in possession in the above-captioned jointly administered chapter 11 cases (collectively, the "Debtors"). I am also a debtor in my individual capacity in these jointly administered cases.

2. I submit this declaration (the "Declaration") in support of the Debtors' *Motion for Entry of an Order (a) Extending the Deadline to File a Chapter 11 Plan and (b) Extending the Debtors' Exclusivity Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to 11 U.S.C. § 1121* (the "Motion"), to which this Declaration is attached. Unless otherwise indicated, capitalized terms used but not defined herein have the meanings given to them in the Motion.

---

[1] The Debtor in this jointly administered proceeding are Raguse Family Partnership (26-60308), R.A.G. Holdings, LLC (26-60309), Red Rock Cattle, LLC (26-60310), Tru Ag LLC (26-60311), David and Susan Raguse (26-60312), and Truman Raguse (26-60313).

3. Except as otherwise indicated, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by other members of the Debtors' management and their advisors, and my familiarity with the Debtors' operations, finances, and books and records in my capacity as a General Partner and officer of the Debtors described above. If called upon to testify, I could and would testify competently to the facts set forth herein.

4. I believe that cause exists to extend the Exclusivity Periods and Plan Deadline by 120 days each, for the reasons set forth below.

5. Complexity of the Debtors' Operations. Although the Debtors' cases are jointly administered for procedural purposes, the Debtors' businesses involve an integrated, multi-entity farming and cattle operation, with each entity maintaining distinct revenue streams, financing arrangements, and operational needs. Structuring a plan that appropriately accounts for the interrelated finances of the Debtors, addresses each secured creditor's collateral position, and incorporates the terms of exit financing will require additional time beyond the initial statutory periods.

6. Ongoing Exit Financing Negotiations. Since the Petition Date, the Debtors have made meaningful and demonstrable progress toward reorganization, including through active and ongoing negotiations concerning exit financing that would refinance the Debtors' secured obligations and fund a plan of reorganization. I am directly involved in these negotiations on behalf of the Debtors. Those negotiations remain ongoing, and the Debtors require additional time to finalize the terms of that financing and to translate the results of those negotiations into a viable, confirmable plan.

7. New Accounting Team and Financial Overhaul. To achieve exit financing, the Debtors required the assistance of a new accounting team, which was approved by this Court to complete a significant overhaul of the Debtors' accounting and reporting practices. This overhaul will give the Debtors a more accurate and detailed understanding of their financial affairs in order to adequately solicit exit financing lenders and to better protect and manage cash and business operations. That work is underway with the Debtors' new accounting team, which was hired during the course of this bankruptcy case.

8. DIP Financing and Postpetition Milestones. During the course of this case, the Debtors have already achieved significant milestones that involved complex negotiations and took a significant amount of time and resources to accomplish, including obtaining an agreement and Court approval for the interim and final orders authorizing debtor-in-possession financing. That financing was critical to the Debtors' ability to resume operations that had been halted prepetition due to limited availability of cash, and, immediately upon the commencement of this bankruptcy case, the Debtors were focused on utilizing the DIP financing to plant crops and acquire cattle.

9. Cattle Disease Outbreak. The Debtors also experienced an unforeseen operating challenge involving the acquisition of cattle. After the Petition Date, the Debtors acquired cattle from a third-party seller. Some of the cattle were later determined to be persistently infected ("PI-positive") with a highly contagious and deadly bovine disease. The introduction of PI-positive animals into the Debtors' herd caused the disease to spread throughout the remainder of the herd and resulted in the loss of approximately 90 head of cattle. More than 1,000 veterinary treatments were administered to effectively contain the outbreak, and the effort to identify and isolate PI-positive cattle and to immunize and protect the remainder of the herd consumed significant manhours. The Debtors have incurred losses of approximately $300,000 to date. The Debtors are

in communication with the seller seeking recovery for actual and estimated losses. If those efforts fail, the Debtors anticipate that they will have causes of action arising out of the cattle purchase and are in the process of ascertaining their rights and the value of that claim. This unexpected outbreak required the Debtors to divert significant time, attention, and resources away from plan-related activities in order to contain the disease and stabilize the herd, further supporting the need for additional time before the Debtors can propose a confirmable plan.

10. Dependence on the 2026 Harvest. The Debtors' farming operations generate the substantial majority of their revenue from the annual harvest of corn, soybeans, white corn, and sugar beets. Based on my experience operating the Debtors' farming business, the full extent of the Debtors' realization on the 2026 harvest will not be known until on or about the end of November 2026. Without knowing the results of the harvest, the Debtors will lack the financial information necessary to project future revenues, assess the feasibility of any proposed plan, and formulate plan terms capable of satisfying the feasibility requirements of 11 U.S.C. § 1129(a)(11).

11. Postpetition Performance. Since the Petition Date, the Debtors have been meeting their postpetition obligations in the ordinary course of business, reflecting the Debtors' continued commitment to responsible administration of their estates while the exit financing negotiations and the 2026 harvest proceed to completion.

12. Early Stage of the Cases. These cases remain at a relatively early stage, the Petition Date having occurred on May 14, 2026. The Debtors have used the time since the Petition Date to pursue plan-related activities, including the exit financing negotiations described above, and require additional time to present creditors with a refined business plan and financial projections informed by both the completion of those negotiations and the results of the current growing season.

13. The Individual Debtors' Interests Are Intertwined with the Interests of the Business Debtors. David Raguse, Susan Raguse, and I are general partners and owners of the Debtor entities and have contributed our personal capital and credit to support the businesses' operations. Our individual financial affairs are, as a result, closely intertwined with the financial condition and performance of Raguse Family Partnership, R.A.G. Holdings, LLC, Red Rock Cattle, LLC, and Tru Ag LLC. Even if the individual Debtors' plans are not ultimately proposed jointly with the plans of the entities they own, the individual Debtors' ability to propose a viable, confirmable plan will, for substantially the same reasons applicable to the business Debtors, depend on the economic performance of the farming, cattle, and other business operations, including the outcome of the pending exit financing negotiations and the results of the 2026 harvest. Extending the Exclusivity Periods and Plan Deadline for the individual Debtors is therefore equally warranted and necessary to permit them to propose plans informed by the same information required by the business Debtors.

14. No Prior Extension; Exclusivity Deadlines. The Debtors have not previously sought an extension of the Filing Exclusivity Period, the Solicitation Exclusivity Period, or the Plan Deadline. Absent the relief requested in the Motion, the Filing Exclusivity Period, currently set to expire on September 11, 2026, and the Solicitation Exclusivity Period and Plan Deadline, currently set to expire on November 10, 2026, would otherwise expire before the Debtors are able to propose a viable, confirmable plan. The Debtors are not seeking the extensions requested in the Motion as a tactical device to pressure creditors. The extensions are sought solely to allow the Debtors sufficient time to complete the exit financing negotiations and to obtain the harvest-related financial information necessary to propose a viable, confirmable plan that maximizes value for all

stakeholders. No prior request for the relief sought in the Motion has been made to this or any other court.

15. For the foregoing reasons, I believe that the relief requested in the Motion is necessary and appropriate, is in the best interests of the Debtors, their estates, and their creditors, and will not prejudice any party in interest.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: August 17, 2026

*/s/ Truman Raguse*
Truman Raguse

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

RAGUSE FAMILY PARTNERSHIP, *et al.*[1]

Debtor.

Lead Case No. 26-60308, *et al.*
(Jointly Administered)

Hon. William J. Fisher Presiding

---

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) EXTENDING THE DEADLINE TO FILE A CHAPTER 11 PLAN AND (B) EXTENDING THE DEBTORS' EXCLUSIVITY PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO 11 U.S.C. § 1121**

This matter came before the Court on the Notice of Hearing and Debtors' *Motion for Entry of an Order (A) Extending the Deadline to File a Chapter 11 Plan and (B) Extending the Debtors' Exclusivity Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to 11 U.S.C. § 1121* (the "Motion") filed by Raguse Family Partnership, R.A.G. Holdings, LLC, Tru Ag LLC, Red Rock Cattle, LLC, David Raguse, Susan Raguse, and Truman Raguse, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned jointly administered chapter 11 cases. The Court having reviewed the Motion and all supporting papers, and having considered the record in these cases and the arguments of the parties, and finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, (d) due and adequate notice of the Motion was given and no further notice is necessary, and (e) cause exists under 11 U.S.C. § 1121(d) to grant the relief requested in the Motion.

---

[1] The Debtor in this jointly administered proceeding are Raguse Family Partnership (26-60308), R.A.G. Holdings, LLC (26-60309), Red Rock Cattle, LLC (26-60310), Tru Ag LLC (26-60311), David and Susan Raguse (26-60312), and Truman Raguse (26-60313).

**IT IS ORDERED:**

1. The Debtors' exclusive period to file a chapter 11 plan under 11 U.S.C. § 1121(b) (the "Filing Exclusivity Period") is hereby extended by 120 days, through and including January 11, 2027.

2. The Debtors' exclusive period to solicit acceptances of a chapter 11 plan under 11 U.S.C. § 1121(c)(3) (the "Solicitation Exclusivity Period") and the deadline to file a chapter 11 plan (the "Plan Deadline") are hereby extended by 120 days, through and including March 10, 2027.

3. The extensions granted herein are without prejudice to the Debtors' rights to seek further extensions of the Exclusivity Periods and Plan Deadline consistent with 11 U.S.C. § 1121(d), and without prejudice to the rights of any party in interest to seek termination of the Exclusivity Periods for cause pursuant to 11 U.S.C. § 1121(d).

4. The Court retains jurisdiction to hear and determine all matters arising from or related to the interpretation or implementation of this Order.

Dated: ________________________________

William J. Fisher
United States Bankruptcy Judge