**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

RAGUSE FAMILY PARTNERSHIP, *et al.*[1]

Debtor.

Lead Case No. 26-60308, *et al.*
(Jointly Administered)

Hon. William J. Fisher Presiding

---

**NOTICE OF HEARING AND DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE ASSUMPTION OF CERTAIN UNEXPIRED LEASES AND ASSIGNMENT OF CERTAIN OF SUCH LEASES FROM CERTAIN OF THE INDIVIDUAL DEBTORS TO RAGUSE FAMILY PARTNERSHIP; (II) APPROVING CURE AMOUNTS AND ADEQUATE ASSURANCE OF FUTURE PERFORMANCE; AND (III) GRANTING RELATED RELIEF**

TO: THE PARTIES-IN-INTEREST AS SPECIFIED IN RULES 6006 AND 9013 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 9013-2.

1. Raguse Family Partnership ("RFP"), R.A.G. Holdings, LLC, Tru Ag LLC, and Red Rock Cattle, LLC (together, the "Entity Debtors"), and David Raguse, Susan Raguse, and Truman Raguse (the "Individual Debtors," and together with the Entity Debtors, the "Debtors"), as debtors and debtors in possession in the above-captioned jointly administered chapter 11 cases, through their undersigned attorneys, move the Court for the relief requested below and give notice of hearing.

2. The Court will hold a hearing on this motion at 2:30 p.m. on October 6, 2026 before the Honorable William J. Fisher. The hearing will be conducted telephonically. Please contact Judge Fisher's Courtroom Deputy by email at mnb_fisher_hearings@mnb.uscourts.gov or by telephone at 651-848-1061 to obtain the dial-in information. Dial-in instructions for telephonic

---

[1] The Debtor in this jointly administered proceeding are Raguse Family Partnership (26-60308), R.A.G. Holdings, LLC (26-60309), Red Rock Cattle, LLC (26-60310), Tru Ag LLC (26-60311), David and Susan Raguse (26-60312), and Truman Raguse (26-60313).

hearings will also be displayed the day prior to the hearing on Judge Fisher's public calendar here: https://www.mnb.uscourts.gov/judges-calendars. Any person wanting to appear in person must contact Judge Fisher's Courtroom Deputy at 651-848-1061 at least 48 hours prior to the hearing.

3. Any response to this Motion shall be filed and served not later than September 29, 2026, which is seven days prior to the date of the hearing. **UNLESS A RESPONSE OPPOSING THIS MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Federal Rule of Bankruptcy Procedure 5005, and Local Rule 1070-1. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

5. Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. This Motion is filed pursuant to 11 U.S.C. § 365(a), (b), and (f), Federal Rules of Bankruptcy Procedure 6006 and 9014, and Local Rules 6006-1 and 9013-1 through 9013-3. By this Motion, the Debtors seek entry of an order (I) authorizing the assumption of the unexpired leases identified on the attached Exhibit A (the "Assumed Leases"), including the assumption and assignment to Raguse Family Partnership of certain leases held by David Raguse and Truman Raguse individually; (II) approving the cure amounts, if any, set forth on Exhibit A as necessary to cure all outstanding defaults under the Assumed Leases pursuant to 11 U.S.C. § 365(b)(1), with such Cure Amounts to be paid through a confirmed chapter 11 plan; (III) finding that the Debtors have provided adequate assurance of future performance under the Assumed Leases; and (IV) granting related relief.

## PROCEDURAL AND FACTUAL BACKGROUND

7. On May 14, 2026 (the "Petition Date"), Raguse Family Partnership and its affiliated Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing these jointly administered cases (the "Cases").

8. The Debtors continue to operate their businesses and manage their property as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No trustee or examiner has been appointed, and no official committee of unsecured creditors has been appointed in the Cases.

9. Together, the Debtors operate a diversified crop and cattle farming enterprise in the Red River Valley of Minnesota and North Dakota, growing corn, soybeans, white corn, and sugar beets, and historically feeding and supporting cattle operations.

10. In connection with the Debtor's farming operations it leases certain tracts of land that comprise approximately 3,185 tillable acres that are used for the purposes of planting, growing, fertilizing, spraying and harvesting crops and all other farming or agricultural purposes.

11. The Individual Debtors are general partners and/or owners of the Entity Debtors and, as applicable, are counterparties, guarantors, or otherwise obligated parties under one or more of the Assumed Leases. Certain of the Assumed Leases are between the lessors and David Raguse and Truman Raguse, individually, as lessees. As part of this Motion, the Debtors seek authority to assume such leases and assign them to Raguse Family Partnership, which will continue to operate the leased premises in connection with the Debtors' farming operations.

12. The Debtors are parties to the unexpired leases together with proposed cure amounts are identified on the attached Exhibit A (the "Farmland Leases"). The land that is the subject of the Farmland Leases is used in the debtor's agricultural operations and comprise

13. The Debtors have determined, in the exercise of their business judgment, that the Assumed Leases are necessary to, and beneficial for, the continued operation of the Debtors'

businesses and their reorganization efforts. The Farmland Leases comprise a substantial portion of the acreage utilized in the Debtors' crop planting and harvesting operations, and the Debtors' reorganization requires the continued use of the subject land for such purposes in order to generate revenue sufficient to fund their operations and service their debt obligations.

14. The lease payments under the Farmland Leases ordinarily come due annually. The Cure Amounts identified in Exhibit A reflect unpaid rents that came due in the spring of 2026. Other than the Cure Amounts, the next lease payments will come due in the spring of 2027.

15. To the extent any monetary defaults exist under the Assumed Leases as of the date of this Motion, the Debtors propose to cure such defaults by paying to each applicable counterparty the cure amount set forth opposite that lease on Exhibit A (each, a "Cure Amount"). The Debtors propose to pay all Cure Amounts through distributions under a confirmed chapter 11 plan in accordance with the schedule and terms set forth therein, or as otherwise agreed between the Debtors and the applicable counterparty. The Debtors propose to assume the Farmland Leases and pay the Cure Amounts on the effective date of a confirmed chapter 11 plan of reorganization.

16. The Debtors submit that no defaults other than the Cure Amounts, if any, exist under the Assumed Leases, and that payment of the Cure Amounts will satisfy the requirements of 11 U.S.C. § 365(b)(1)(A) and (B).

17. With respect to the two Assumed Leases with Kraig Birchem and George Birchem and Kenneth Birchem and George Birchem (the "Birchem Leases"), respectively, and the two Assumed Leases with Breckenridge C. Dilly and Louise M. Dilly, Trustees of the Breckenridge C. Dilly and Louise M. Dilly Trust and Louise M. Dilly (the "Dilly Leases"), respectively, RFP has asserted that the landlords wrongfully terminated those leases through self-help. The Debtors are seeking to resolve these issues consensually and, by this Motion, seek to assume the leases in question on the terms set forth on Exhibit A. With respect to the Dilly Leases and Birchem

Leases, the Debtors propose a Cure Amount of $0.00[2], reflecting an offset for RFP's damages claims resulting from the wrongful termination of those leases through self-help. Notwithstanding assumption of these leases, the Debtors expressly reserve all rights, claims, and remedies against Kraig Birchem, George Birchem, Kenneth Birchem, Breckenridge C. Dilly, and Louise M. Dilly arising from or relating to the foregoing conduct, including any claims for damages resulting from the wrongful termination of the leases through self-help, and nothing in this Motion or any order granting the relief requested herein shall be deemed a waiver or release of any such rights, claims, or remedies

18. The Debtors submit that they have and will continue to have the financial wherewithal to perform their obligations under the Assumed Leases going forward, thereby providing adequate assurance of future performance as required by 11 U.S.C. § 365(b)(1)(C). The Debtors have operated a diversified crop and cattle farming enterprise in the Red River Valley of Minnesota and North Dakota for multiple generations, cultivating corn, soybeans, white corn, and sugar beets across approximately 3,135 tillable acres. The Assumed Leases are integral to these operations and represent a substantial portion of the acreage on which the Debtors depend to generate the revenue necessary to fund their ongoing operations and service their debt obligations. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession, maintaining their farming operations in the ordinary course, performing under their lease obligations as they come due, and preserving the productive capacity of the leased acreage. The Debtors are actively and diligently engaged in securing bankruptcy exit

[2] The unpaid rent amounts underlying the proposed $0.00 Cure Amounts are as follows: (i) Breckenridge C. Dilly and Louise M. Dilly Trust (2025-2027 Farmland Lease Agreement dated January 28, 2025): $19,841.90; (ii) Louise M. Dilly (2025-2027 Farmland Lease Agreement dated January 28, 2025): $19,760.00; (iii) Kraig Birchem and George Birchem (Cash Lease of Farm Land, Buildings and Equipment dated January 1, 2026): $19,250.00; and (iv) Kenneth Birchem and George Birchem (Cash Lease of Farm Land, Buildings and Equipment dated January 1, 2026): $17,225.00.

financing necessary to fund a successful chapter 11 plan of reorganization. The Debtors have commenced negotiations with prospective lenders and anticipate that exit financing will be in place in advance of plan confirmation. The Debtors expect to confirm a plan on or before March 10, 2027, well in advance of the 2027 growing season, ensuring that the Debtors will have the financial resources to continue performing under the Assumed Leases without interruption. Moreover, the annual nature of the lease payment cycle—under which the next payments following the Cure Amounts will not come due until the spring of 2027—provides additional assurance that the Debtors will be positioned to meet their obligations as they arise. The Debtors' demonstrated track record of managing their farming operations, their continued post-petition performance, and the anticipated exit financing collectively provide adequate assurance that the Debtors will perform their future obligations under each of the Assumed Leases.

## RELIEF REQUESTED

19. By this Motion, the Debtors request entry of an order: (a) authorizing the Debtors' assumption of the Assumed Leases identified on Exhibit A, including the assumption and assignment to Raguse Family Partnership of certain Assumed Leases held by David Raguse and Truman Raguse individually, effective as of the date set forth opposite each lease on Exhibit A (or, if none is specified, the date of entry of the order granting this Motion) (as to each lease, the "Assumption Date"); (b) approving the Cure Amounts set forth on Exhibit A as full satisfaction of all defaults, if any, required to be cured under 11 U.S.C. § 365(b)(1) as a condition to assumption, with such Cure Amounts to be paid through distributions under a confirmed chapter 11 plan; (c) finding that the Debtors have provided adequate assurance of future performance under each Assumed Lease within the meaning of 11 U.S.C. § 365(b)(1)(C); and (d) granting such other and further relief as the Court deems just and equitable.

## ARGUMENT

***The Court Should Approve Assumption of the Assumed Leases***

20. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, subject to court approval, may assume or reject any executory contract or unexpired lease of the debtor. 11 U.S.C. § 365(a). Courts apply the business judgment standard to a debtor's decision to assume or reject a lease, and will approve that decision where it represents a reasonable exercise of business judgment. See, e.g., *Crystalin, L.L.C. v. Selma Props.*, 293 B.R. 455, 464 (B.A.P. 8th Cir. 2003).

21. Here, the Assumed Leases are necessary to the Debtors' continued farming and cattle operations and comprise substantially all of the Debtors' agricultural land, on which crops are currently being harvested or are expected to be harvested this year. The Debtor derives a substantial portion of its operating revenue as a result of these farming operations. Assumption of the Assumed Leases is therefore a sound exercise of the Debtors' business judgment, is in the best interests of the Debtors' estates and creditors, and should be approved.

***The Debtors Satisfy the Requirements for Assumption Under Section 365(b)(1)***

22. Where a default exists under an unexpired lease, section 365(b)(1) of the Bankruptcy Code requires that, at the time of assumption, the debtor: (A) cure, or provide adequate assurance that it will promptly cure, such default; (B) compensate, or provide adequate assurance that it will promptly compensate, the counterparty for any actual pecuniary loss resulting from such default; and (C) provide adequate assurance of future performance under such lease. 11 U.S.C. § 365(b)(1).

23. The Debtors submit that payment of the Cure Amounts set forth on Exhibit A will cure all outstanding monetary defaults under the Assumed Leases and compensate the applicable counterparties for any actual pecuniary loss resulting therefrom, thereby satisfying 11 U.S.C. §

365(b)(1)(A) and (B). Upon information and belief, there are no nonmonetary defaults in connection with the Leases.

24. In addition, the Debtors submit that they are able to provide, and hereby provide, adequate assurance of future performance under the Assumed Leases within the meaning of 11 U.S.C. § 365(b)(1)(C). Accordingly, the Debtors have satisfied each of the requirements of section 365(b)(1), and assumption of the Assumed Leases, together with the Cure Amounts, should be approved.

## NOTICE

25. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the District of Minnesota; (b) counsel for the Debtors' secured lenders; (c) each counterparty to an Assumed Lease; (d) the Official Unsecured Creditors Committee; and (e) all parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

26. Pursuant to Local Rule 9013-1(a)(4), the Debtors give notice that they may, if necessary, call Truman Raguse to testify on behalf of the Debtors regarding the factual matters raised in this Motion.

27. No prior request for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

28. For the foregoing reasons, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

29. Pursuant to Local Rule 9013-1(a)(3), this Motion is verified and accompanied by a proposed order and a memorandum of law.

WHEREFORE, the Debtors respectfully request that the Court grant the Motion and enter the proposed order attached hereto, together with such other and further relief as the Court may deem just and equitable.

Dated: September 11, 2026 Respectfully submitted,

**TAFT STETTINIUS & HOLLISTER LLP**

By: */s/ James M. Jorissen*
James M. Jorissen, #262833
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 977-8400
Facsimile: (612) 977-8650
jjorissen@taftlaw.com

Landon S. Raiford
111 East Wacker, Suite 2600
Chicago, IL 60601-4208
Telephone: (312) 527-4000
lraiford@taftlaw.com

Kimberly Ross Clayson
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone: (248) 351-3000
kclayson@taftlaw.com

**COUNSEL FOR THE ENTITY DEBTORS AND DEBTORS IN POSSESSION**

**SAPIENTIA LAW GROUP**

By: */s/ Kenneth C. Edstrom*
Kenneth C. Edstrom (#148696)
Alexander J. Beeby (#398286)
120 South Sixth Street, Suite 100
Minneapolis, MN 55402
Telephone: (612) 756-7100
kene@sapientialaw.com
alexb@sapientialaw.com

**COUNSEL FOR THE INDIVIDUAL DEBTORS**

**VERIFICATION**

I, Truman Raguse, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

I am one of the individual Debtors in the jointly administered bankruptcy cases, the partner of Raguse Family Partnership and the responsible person with respect to each of the entity debtors in possession in the above-captioned chapter 11 cases. I am familiar with the facts and circumstances set forth in the foregoing *Notice of Hearing and Debtors' Motion for Entry of an Order (I) Authorizing the Assumption of Certain Unexpired Leases and Assignment of Certain of Such Leases from Certain of the Individual Debtors to Raguse Family Partnership; (II) Approving Cure Amounts and Adequate Assurance of Future Performance; and (III) Granting Related Relief* (the "Motion").

Based upon my personal knowledge, review of the entity Debtors' books and records, and information provided to me by the Debtors' professionals, I verify that the factual statements contained in the Motion are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 11, 2026

*_/s/ Truman Raguse_*
Truman Raguse
Partner, Raguse Family Partnership
Responsible Person as to each of the Entity Defendants

**EXHIBIT A**
**ASSUMED LEASES**

## RAGUSE FAMILY PARTNERSHIP

| Landlord | Lease | Approx. Acres | Lease Term | Cure Amount |
|---|---|---|---|---|
| Breckenridge C. Dilly and Louise M. Dilly, Trustees of the Breckenridge C. Dilly and Louise M. Dilly Trust | 2025-2027 Farmland Lease Agreement dated January 28, 2025 | 152 | January 1, 2025-December 31, 2027 | $0.00 |
| Kenneth Birchem and George Birchem | Cash Lease of Farm Land, Buildings and Equipment dated January 1, 2026 | 137 | January 1, 2026-December 31, 2028 | $0.00 |
| Kraig Birchem and George Birchem | Cash Lease of Farm Land, Buildings and Equipment dated January 1, 2026 | 154 | January 1, 2026-December 31, 2028 | $0.00 |
| Louise M. Dilly | 2025-2027 Farmland Lease Agreement dated January 28, 2025 | 152 | January 1, 2025-December 31, 2027 | $0.00 |
| Linda R. Ohrt Revocable Trust and Larry L. Eckhart | Farm Lease – Cash Rent dated September 8, 2023 | 237 | March 1, 2024-February 28, 2027 | $38,016.00 |

**DAVID RAGUSE**

| Landlord | Lease | Approx. Acres | Lease Term | Cure Amount |
|---|---|---|---|---|
| Arlin Prochnow | Cash Rent Farm Lease dated February 5, 2026 | 253 | February 5, 2026- November 1, 2028 | $34,897.50 |
| Michael Prochnow | Cash Rent Farm Lease dated January 7, 2026 | 149 | January 7, 2026- November 1, 2028 | $33,696.60 |
| Michael Prochnow, Rick Prochnow and Ronald Prochnow | Cash Rent Farm Lease dated January 7, 2026 | 1087 | January 7, 2026- November 1, 2028 | $63,807.00 - Michael<br>$64,836.00 - Rick<br>$198,495.00 – Ronald |
| Tore Bredvik | Cash Rent Farm Lease dated February 19, 2026 | 114 | February 19, 2026- November 1, 2028 | $13,453.75 |
| Michael Prochnow, Arlin Prochnow and Ronald Prochnow | Cash Rent Farm Lease dated January 7, 2026 | 156 | January 7, 2026- November 1, 2028 | $14,385.25 - Michael<br>$14,385.25 - Arlin<br>$14,385.25 - Ronald |

**TRUMAN RAGUSE**

| Landlord | Lease | Approx. Acres | Lease Term | Cure Amount |
|---|---|---|---|---|
| Arlin Prochnow | Cash Rent Farm Lease dated February 5, 2026 | 253 | February 5, 2026 - November 1, 2028 | $34,897.50 |
| Michael Prochnow | Cash Rent Farm Lease dated January 7, 2026 | 149 | January 7, 2026 - November 1, 2028 | $33,696.60 |
| Michael Prochnow, Rick Prochnow and Ronald Prochnow | Cash Rent Farm Lease dated January 7, 2026 | 1087 | January 7, 2026 - November 1, 2028 | $63,807.00 - Michael<br>$64,836.00 - Rick<br>$198,495.00 – Ronald |
| Tore Bredvik | Cash Rent Farm Lease dated February 19, 2026 | 114 | February 19, 2026 - November 1, 2028 | $13,453.75 |
| Michael Prochnow, Arlin Prochnow and Ronald Prochnow | Cash Rent Farm Lease dated January 7, 2026 | 156 | January 7, 2026 - November 1, 2028 | $14,385.25 - Michael<br>$14,385.25 - Arlin<br>$14,385.25 - Ronald |
| 1946 Legacy Farms, LLP | 2026-2028 Farm Lease | 434 | March 15, 2026-end of crop year 2028 | $130,470.00 |
| Michael and Sara Aigner | Lease of Beet Acres 2026 | 110 | January 1, 2026 - December 31, 2026 | $26,950.00 |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

| | |
|---|---|
| RAGUSE FAMILY PARTNERSHIP, *et al.*[3]<br><br>Debtor. | Lead Case No. 26-60308, *et al.*<br>(Jointly Administered)<br><br>Hon. William J. Fisher Presiding |

**MEMORANDUM OF LAW IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE ASSUMPTION OF CERTAIN UNEXPIRED LEASES; (II) APPROVING CURE AMOUNTS AND ADEQUATE ASSURANCE OF FUTURE PERFORMANCE; AND (III) GRANTING RELATED RELIEF**

The above-named Debtors (collectively, the "Debtors"), by and through their undersigned counsel, submit this memorandum of law in support of the accompanying *Notice of Hearing and Motion for Entry of an Order (I) Authorizing the Assumption of Certain Unexpired Leases; (II) Approving Cure Amounts and Adequate Assurance of Future Performance; and (III) Granting Related Relief* (the "Motion"), filed contemporaneously herewith, and in accordance with Local Rule 9013-1. Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

## FACTUAL BACKGROUND

The Debtors rely on the statement of facts set forth in the Motion and the record in these Cases, including the Local Rule 9013-1(a)(3) Verification of the Motion executed by Truman Raguse, Debtor in Possession and the responsible person as to the entity Debtors, the *Declaration of Truman Raguse in Support of Chapter 11 Petitions and First Day Motions*, filed on May 14, 2026 [Doc 6] and the *Declaration Of Truman Raguse In Support Of Motion For Entry Of An Order*

[3] The Debtor in this jointly administered proceeding are Raguse Family Partnership (26-60308), R.A.G. Holdings, LLC (26-60309), Red Rock Cattle, LLC (26-60310), Tru Ag LLC (26-60311), David and Susan Raguse (26-60312), and Truman Raguse (26-60313).

*(A) Extending The Deadline To File A Chapter 11 Plan And (B) Extending The Debtors' Exclusivity Periods To File A Chapter 11 Plan And Solicit Acceptances Thereof Pursuant To 11 U.S.C. § 1121* [Doc 185].

## ARGUMENT

### I. THE COURT SHOULD APPROVE ASSUMPTION OF THE ASSUMED LEASES AS A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT

The Bankruptcy Code provides that a debtor in possession may, subject only to court approval, assume or reject any executory contract or unexpired lease of the debtor. 11 U.S.C. § 365(a). Courts in this District routinely approve a debtor in possession's decision to assume or reject an unexpired lease where that decision represents a reasonable exercise of business judgment. See, e.g., *Crystalin, L.L.C. v. Selma Props.*, 293 B.R. 455, 464 (B.A.P. 8th Cir. 2003).

The purpose of section 365 is to allow the trustee or debtor in possession to maximize the value of the debtor's estate by assuming executory contracts and unexpired leases that benefit the estate, while rejecting those that are burdensome. Assumption of a favorable or operationally necessary lease is a paradigmatic exercise of that authority. Under the deferential business judgment standard, courts do not second-guess a debtor's determination that assumption of a particular lease will benefit the estate so long as that determination is supported by a legitimate business justification.

Here, the Assumed Leases are necessary to, and beneficial for, the continued operation of the Debtors' businesses. The leases comprise a substantial portion of the acreage utilized in the Debtors' crop planting and harvesting operations, and the Debtors' reorganization requires the continued use of the subject land for such purposes in order to generate revenue sufficient to fund their operations and service their debt obligations. The Debtors' determination to assume the

Assumed Leases reflects a reasonable and legitimate exercise of business judgment, is in the best interests of the Debtors' estates and creditors, and should be approved.

## II. THE DEBTORS SATISFY THE REQUIREMENTS FOR ASSUMPTION UNDER SECTION 365(b)(1)

Where, as here, a default exists under an unexpired lease that a debtor seeks to assume, section 365(b)(1) requires the debtor, at the time of assumption, to: (A) cure, or provide adequate assurance that it will promptly cure, such default, other than a default that is a breach of a provision relating to the satisfaction of any provision described in section 365(b)(2); (B) compensate, or provide adequate assurance that it will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and (C) provide adequate assurance of future performance under such contract or lease. 11 U.S.C. § 365(b)(1).

### *A. The Debtors Will Cure All Defaults and Compensate for Actual Pecuniary Loss*

Consistent with the requirements of section 365(b)(1)(A), as set forth in the Motion, the Debtors have identified the Cure Amount necessary to cure all outstanding monetary defaults, if any, under each Assumed Lease, as set forth on Exhibit A to the Motion. Upon information and belief, no non-monetary defaults exist or have been declared by any of the lessors. Payment of the Cure Amounts will fully cure all such defaults and compensate the applicable counterparties for any actual pecuniary loss resulting therefrom, satisfying the requirements of section 365(b)(1)(A) and (B).

### *B. The Debtors Have Provided Adequate Assurance of Future Performance*

Section 365(b)(1)(C) requires a debtor seeking to assume a lease to demonstrate adequate assurance of future performance under that lease. "The assurance of future performance is adequate if performance is likely (i.e. more probable than not); the degree of assurance necessary falls

considerably short of an absolute guaranty." *In re Prime Motor Inns*, 166 B.R. 993, 997 (Bankr. S.D. Fla. 1994). Here, the Debtors submit that they have, and will continue to have, the financial wherewithal to perform their obligations under the Assumed Leases going forward. The Debtors are continuing to operate their farming operations including ongoing planting and harvesting of the farmland that is leased under the Assumed Leases, were successful in obtaining debtor in possession financing in an arm's length transaction, and are actively pursuing financing necessary to exit bankruptcy. Accordingly, the Debtors have satisfied the adequate assurance requirement of section 365(b)(1)(C), and the Court should approve assumption of the Assumed Leases together with the associated Cure Amounts.

## CONCLUSION

For the foregoing reasons, the Debtors respectfully request that the Court enter an order granting the relief requested in the Motion, together with such other and further relief as the Court deems just and equitable.

Dated: September 11, 2026

Respectfully submitted,

**TAFT STETTINIUS & HOLLISTER LLP**

By: */s/ James M. Jorissen*

James M. Jorissen, #262833
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 977-8400
Facsimile: (612) 977-8650
jjorissen@taftlaw.com

Landon S. Raiford
111 East Wacker, Suite 2600
Chicago, IL 60601-4208
Telephone: (312) 527-4000
lraiford@taftlaw.com

Kimberly Ross Clayson
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone: (248) 351-3000
kclayson@taftlaw.com

**COUNSEL FOR THE ENTITY DEBTORS AND DEBTORS IN POSSESSION**

**SAPIENTIA LAW GROUP**

By: */s/ Kenneth C. Edstrom*
Kenneth C. Edstrom (#148696)
Alexander J. Beeby (#398286)
120 South Sixth Street, Suite 100
Minneapolis, MN 55402
Telephone: (612) 756-7100
kene@sapientialaw.com
alexb@sapientialaw.com

**COUNSEL FOR THE INDIVIDUAL DEBTORS**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

| | |
|---|---|
| RAGUSE FAMILY PARTNERSHIP, *et al.*[1]<br><br>Debtor. | Lead Case No. 26-60308, *et al.*<br>(Jointly Administered)<br><br>Hon. William J. Fisher Presiding |

**ORDER (I) AUTHORIZING THE ASSUMPTION OF CERTAIN UNEXPIRED LEASES AND ASSIGNMENT OF CERTAIN OF SUCH LEASES FROM CERTAIN OF THE INDIVIDUAL DEBTORS TO RAGUSE FAMILY PARTNERSHIP; (II) APPROVING CURE AMOUNTS AND ADEQUATE ASSURANCE OF FUTURE PERFORMANCE; AND (III) GRANTING RELATED RELIEF**

This matter came before the Court on the *Notice of Hearing and Debtors' Motion for Entry of an Order (I) Authorizing the Assumption of Certain Unexpired Leases and Assignment of Certain of Such Leases from Certain of the Individual Debtors to Raguse Family Partnership; (II) Approving Cure Amounts and Adequate Assurance of Future Performance; and (III) Granting Related Relief* (the "Motion") filed by Raguse Family Partnership ("RFP"), R.A.G. Holdings, LLC, Tru Ag LLC, and Red Rock Cattle, LLC (together, the "Entity Debtors"), and David Raguse, Susan Raguse, and Truman Raguse (the "Individual Debtors," and together with the Entity Debtors, the "Debtors"), as debtors and debtors in possession in the above-captioned jointly administered chapter 11 cases. Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

The Court has considered the Motion, the record in these jointly administered cases, and any responses or objections thereto, and has determined that due and sufficient notice of the Motion

[1] The Debtor in this jointly administered proceeding are Raguse Family Partnership (26-60308), R.A.G. Holdings, LLC (26-60309), Red Rock Cattle, LLC (26-60310), Tru Ag LLC (26-60311), David and Susan Raguse (26-60312), and Truman Raguse (26-60313).

has been given under the circumstances and that no further or other notice is required. Based upon the foregoing, and after due deliberation, and good and sufficient cause appearing therefor,

THE COURT HEREBY FINDS AND DETERMINES THAT:

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, Federal Rule of Bankruptcy Procedure 5005, and Local Rule 1070-1. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

B. Venue of these cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. The relief granted herein is a sound exercise of the Debtors' business judgment, is necessary to and beneficial for the continued operation of the Debtors' businesses and their reorganization efforts, and is in the best interests of the Debtors, their estates, and creditors.

D. The Debtors have satisfied the applicable requirements of 11 U.S.C. § 365(b)(1), including by (a) curing, or providing for the cure of, all monetary defaults, if any, under the Assumed Leases through payment of the Cure Amounts set forth on Exhibit A to the Motion, (b) compensating, or providing for compensation of, the applicable counterparties for any actual pecuniary loss resulting from such defaults, and (c) providing adequate assurance of future performance under each of the Assumed Leases.

**IT IS ORDERED:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to 11 U.S.C. § 365(a), the Debtors are authorized to assume each of the unexpired leases identified on Exhibit A to the Motion (the "Assumed Leases"), including the assumption and assignment to Raguse Family Partnership of the Assumed Leases held by David Raguse and Truman Raguse individually, effective as of the date set forth opposite each such lease

on Exhibit A (or, if no date is specified, the date of entry of this Order) (as to each Assumed Lease, the “Assumption Date”).

3. The Cure Amounts set forth on Exhibit A to the Motion are approved as full satisfaction of any and all defaults, if any, required to be cured under 11 U.S.C. § 365(b)(1) as a condition to assumption of the Assumed Leases. The Debtors shall pay the Cure Amounts through distributions under a confirmed chapter 11 plan of reorganization in accordance with the schedule and terms set forth therein, or as otherwise agreed between the Debtors and the applicable counterparty.

4. The Debtors have provided adequate assurance of future performance under each of the Assumed Leases within the meaning of 11 U.S.C. § 365(b)(1)(C).

5. With respect to the Assumed Leases with Kraig Birchem and George Birchem and Kenneth Birchem and George Birchem (the “Birchem Leases”), and the Assumed Leases with Breckenridge C. Dilly and Louise M. Dilly, Trustees of the Breckenridge C. Dilly and Louise M. Dilly Trust and Louise M. Dilly (the “Dilly Leases”), the Cure Amount for each such lease is $0.00, reflecting an offset for RFP’s asserted damages claims resulting from the alleged wrongful termination of those leases through self-help. Notwithstanding assumption of the Birchem Leases and the Dilly Leases, the Debtors’ rights, claims, and remedies against Kraig Birchem, George Birchem, Kenneth Birchem, Breckenridge C. Dilly, and Louise M. Dilly arising from or relating to such conduct, including any claims for damages resulting from the alleged wrongful termination of the leases through self-help, are expressly reserved, and nothing in this Order shall be deemed a waiver or release of any such rights, claims, or remedies.

6. Upon each Assumption Date, the applicable Assumed Lease shall be deemed assumed by the applicable Debtor, and, as to those Assumed Leases identified on Exhibit A to the Motion as held individually by David Raguse or Truman Raguse, deemed assumed and assigned

to Raguse Family Partnership, in each case pursuant to 11 U.S.C. § 365, and the Debtors and Raguse Family Partnership, as applicable, shall thereafter be bound by all of the terms, covenants, and conditions of the applicable Assumed Lease.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated:

______________________________________

William J. Fisher
United States Bankruptcy Judge



303732146v1