**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

RAGUSE FAMILY PARTNERSHIP, *et al.*[1]

Debtor.

Lead Case No. 26-60308, *et al.*
(Jointly Administered)

Hon. William J. Fisher Presiding

---

**RAGUSE FAMILY PARTNERSHIP'S RESPONSE TO MOTION OF MINN-DAK FARMERS COOPERATIVE TO COMPEL ASSUMPTION OR REJECTION OF PATRON AGREEMENT**

Debtor Raguse Family Partnership ("RFP"), through its undersigned counsel, hereby responds to the Minn-Dak Farmers Cooperative's (the "Co-Op") *Motion to Compel Assumption or Rejection of Patron Agreement* (the "Motion") [Dkt. 194].

**STATEMENT**

The Motion concerns a 2026 Patron Agreement (the "Agreement") entered into pre-petition between the Co-Op and RFP to govern RFP's sale of its 2026 sugar beet crop to the Co-Op. The relief sought by the Motion is limited—an order requiring RFP to file by September 29, 2026, a notice letting the Court and the Co-Op know whether RFP intends to assume or reject the Agreement. RFP agrees to do so.

More interesting is the fact that the Motion exists at all. What need is there for a motion to compel and for that motion, which ostensibly seeks only a date certain for a decision to be made, to be twelve pages? The answer is that the Co-Op uses the Motion primarily as an avenue for additional briefing for a dispute that may arise in the future; namely, what the terms of assumption

[1] The Debtors in this jointly administered proceeding are Raguse Family Partnership (26-60308), R.A.G. Holdings, LLC (26-60309), Red Rock Cattle, LLC (26-60310), Tru Ag LLC (26-60311), David and Susan Raguse (26-60312), and Truman Raguse (26-60313).

should be in the event RFP seeks to assume the Agreement. For that reason the Co-Op spends the vast majority of the Motion setting forth its position regarding proposed set-offs and recoupment and future cash payments covering not just the Agreement but previous patron agreements as well.

RFP will not burden the Court with a dozen of pages of its own as to why the Co-Op's legal positions are wrong. For one, assumption of the Agreement is not the foregone conclusion the Co-Op believes it to be and rejection of the Agreement would render the Co-Op's legal argument moot. Second, should RFP choose to assume the Agreement, there will be plenty of time to determine the exact contours of such assumption. For now, RFP simply notes that the Co-Op's position is fundamentally flawed in several ways, including the arguments that: (1) to assume the Agreement, RFP must cure defaults under previous agreements; (2) RFP's entitlement to funds made available to farmers through federal disaster relief programs may be held by the Co-Op and/or used for setoff and recoupment; and (3) any cure payments must be made in cash as opposed to, for instance, RFP's equity in the Co-Op itself, which is the Co-Op's bargained for collateral and more than sufficient to pay off the Debtor's outstanding debt whatever that debt may be.

Finally, RFP attaches a proposed Order which eliminates the language in the Co-Op's proposed order providing various additional actions the Debtor "shall" take in the event it chooses to assume the Agreement such as "cur[ing] all existing monetary and non-monetary defaults" and "provid[ing] adequate assurance of prompt cure. …" This language is, at best, superfluous. The curing of defaults and the providing of adequate assurance are concepts baked into the Bankruptcy Code. There is no need for language laying what the Bankruptcy Code already prescribes.

Dated: September 15, 2026

Respectfully submitted,

**TAFT STETTINIUS & HOLLISTER LLP**

By: */s/ James M. Jorissen*
James M. Jorissen, #262833
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612-977-8400
Facsimile: 612-977-8650
jjorissen@taftlaw.com

Landon S. Raiford
(*Admitted Pro Hac Vice*)
111 East Wacker, Suite 2600
Chicago, IL 60601-4208
Telephone: (312) 527-4000
lraiford@taftlaw.com

Kimberly Ross Clayson
(*Admitted Pro Hac Vice*)
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone: (248) 351-3000
kclayson@taftlaw.com

**COUNSEL FOR RAGUSE FAMILY PARTNERSHIP**

**VERIFICATION**

I, Truman Raguse named in the foregoing Response, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated 15th of September, 2026

*/s/ Truman Raguse*
Truman Raguse

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

RAGUSE FAMILY PARTNERSHIP, *et al.*[2]

Debtor.

Lead Case No. 26-60308, *et al.*
(Jointly Administered)

Hon. William J. Fisher Presiding

---

**ORDER**

This case is before the court on Minn-Dak Farmers Cooperative's (the "Co-Op") *Motion to Compel Assumption or Rejection of Patron Agreement* (the "Motion") [Dkt. 194]. Based on the Motion, the Objection filed by Raguse Family Partnership (the "Debtor") and the arguments made by the parties,

**IT IS HEREBY ORDERED:**

1. The Motion is granted as set forth herein.

2. On or before September 29, 2026, Raguse Family Partnership will file and serve a notice stating whether its elects to assume or reject the 2026 Patron Agreement (the "Agreement") with the Co-Op.

3. Nothing in this Order impairs any rights of the Debtor or the Co-Op under the Agreement or otherwise, including, but not limited to any claims, liens, setoffs, recoupment, or defenses.

4. The Court retains jurisdiction to interpret and enforce this Order.

[2] The Debtors in this jointly administered proceeding are Raguse Family Partnership (26-60308), R.A.G. Holdings, LLC (26-60309), Red Rock Cattle, LLC (26-60310), Tru Ag LLC (26-60311), David and Susan Raguse (26-60312), and Truman Raguse (26-60313).

Dated:

______________________________
William J. Fisher
United States Bankruptcy Court