**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

RAGUSE FAMILY PARTNERSHIP, *et. al.*

Lead Case No. 26-60308, *et. al.*
(Jointly Administered)

Hon. William J. Fisher Presiding

---

# OBJECTION AND BRIEF IN OPPOSITION TO MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE ASSUMPTION OF CERTAIN UNEXPIRED LEASES AND ASSIGNMENT OF ASSIGNMENT OF CERTAIN OF SUCH LEASES FROM CERTAIN OF THE INDIVIDUAL DEBTORS TO RAGUSE FAMILY PARTNERSHIP; (II) APPROVING CURE AMOUNTS AND ADEQUATE ASSURANCE OF FUTURE PERFORMANCE; AND (III) GRANTING RELATED RELIEF

1. Kenneth Birchem, Kraig Birchem, and George Birchem (hereinafter collectively referred to as "the Birchems") submit the instant Brief, by and through their attorney, Fred Strege, in opposition to Motion for Entry of an Order (I) Authorizing the Assumption of Certain Unexpired Leases and Assignment of Certain of Such Leases from Certain of the Individual Debtors to Raguse Family Partnership; (II) Approving the Cure Amounts and Adequate Assurance of Future Performance; and (III) Granting Related Relief. The Birchems vehemently object to the request for assumption, as (1) the lease is not an "unexpired lease" and (2) assuming the lease is not in the best interests of the bankruptcy Estate.

## BACKGROUND

2. The Raguse Family Partnership (hereinafter referred to as "Raguse") signed two separate three-year leases for real estate located in South Dakota and North Dakota on March 2, 2026 (hereinafter collectively referred to as "the Birchem Leases"). *See* **Exhibit A**. The South Dakota Lease is between Kenneth Birchem and George Birchem as Landlords, and the Raguse Family Partnership as Tenant. The North Dakota Lease is between Kraig Birchem and George

Birchem as Landlords, and the Raguse Family Partnership as Tenant. The Birchem Leases are cash rent leases for farm land *[sic]*, buildings, and equipment in Roberts County, South Dakota and Richland County, North Dakota. *Id.*

3. Under the terms of both leases, the first one-half of the cash rent amount was due on April 1, 2026. The Birchems did not receive the first payment due under the leases from the Debtors. After not receiving payment, the Birchems rented the North Dakota and South Dakota farmland to another tenant. *See* **Exhibit B**.

4. The Birchems had a prior lease with Raguse and Raguse had failed to make its last cash rent payment which was due on November 1, 2025. After several failed promises of making payment, Birchems informed Raguse that they were going to look for another tenant. Raguse eventually made the payment on March 3, 2026, at the same time as it entered into the new three year leases with Birchems.

5. On May 10, 2026, the Birchems provided written notice to Raguse that the land had been rented to a new tenant. *See* **Exhibit C**. No response was received from Raguse with regard to the notification. *Id.*

6. Thereafter, Raguse filed its Chapter 11 Petition on May 14, 2026.

7. The Leases required cash rent payments in the amount of **$250.00 per acre**. In 2025, the USDA denotes the average cash rent paid per acre in Roberts County, South Dakota for non-irrigated land was $174.00 per acre. *See* **Exhibit D**. In 2026, the North Dakota Department of Trust Lands denotes the average rent paid in Richland County, North Dakota for non-irrigated land was $161.70. *See* **Exhibit E**.

## ARGUMENT

### I. Raguse's Motion to Assume the Birchem Leases Should be Denied.

8. Raguses' Motion requests the Court approve a bad business decision, as the Birchem Leases are neither necessary to, nor beneficial for, the continued operation of Raguse's businesses. "In deciding whether to approve a debtor-in-possession's motion to assume, reject, or assign an unexpired lease or executory contract, the bankruptcy court used a business judgment test." *In re Crystalin, L.L.C.*, 293 B.R. 455, 465 (B.A.P. 8th Cir. 2003). This requires "the bankruptcy court to place 'itself in the position of the trustee or debtor-in-possession and [determine] whether assuming the [lease] would be a good business decision or a bad one." *Id.*; *citing Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2d Cir. 1993). The Eighth Circuit "business judgment test" consists of two parts. *Id.* If the debtor fails to demonstrate the assumption of a lease is in the "exercise of a sound business judgment" showing benefit to the Estate, then the Court does not have to reach the second prong of the determination (whether the request was unreasonable or made in bad faith). Here, the debtor fails on the first prong, as it cannot establish the leases would be a good business decision. "It is the Debtor's burden to prove that the lease assumption benefits the estate." *Crystalin*, 464. The "bankruptcy court sits as an overseer of the wisdom with which the bankruptcy estate's property is being managed by the trustee or debtor-in-possession, and not, as it does in other circumstances, as the arbiter of disputes between creditors and the estate." *Id.* The business judgment test "entails a determination that the transaction is in the best interest of the estate." *Id.*

## II. Raguse's Motion to Assume the Birchem Leases Fails the Business Judgment Test

9. Raguse's request to assume the Birchem Leases reflects an unreasonable and unsound exercise of business judgment. Raguse's Motion to assume the Birchem leases fails on the first prong of the determination. This is because Raguse cannot establish that the assumption of the leases is a "good business decision." Raguse is requesting to assume the Birchem Leases

for $250.00 per acre, which is both higher than the $174.00 Roberts County, South Dakota average and the $161.70 Richland County, North Dakota average for non-irrigated land. Raguse's Motion fails to inform the Court that the cash rent payments from the Birchem Leases are higher than the North Dakota or South Dakota average. Additionally, Raguse further fails to inform the Court as to how Raguse is intending to profit from the crop yield while paying $250.00 per acre.

10. When the Court places itself in the position of Raguse to determine whether the assumption of the Birchem Leases is a good business decision, it must determine whether Raguse has demonstrated that the assumption is a sound exercise of business judgment. Raguse has failed to carry its burden, as it has failed to establish that the Birchem Lease assumption is a good business decision. In fact, based upon the average rent for the land in North Dakota and South Dakota, it is an objectively bad business decision. The Court should deny the request for the assumption of the Birchem Leases, as it fails the business judgment test.

11. Next, whether or not the leases are "unexpired," there is another tenant with a right to the Property. This does not benefit the estate, as the farmland was leased to a new tenant. This precludes Raguse from simply "farming" the land. This also creates legal roadblocks, the potential for proceedings, and an ultimate delay in Raguse's ability to *ever* farm the land. This further creates a roadblock for Raguse to abide by the non-monetary provisions of the Birchem Leases, such as mowing, building maintenance, fertilizing, and that Raguse or Raguse's agent "will possess the land and facilities continuously during the term of the lease." *See* **Exhibits A & B**, p. 2.

12. The Birchems further deny that Raguse could be damaged from the termination of the leases, as (1) Raguse did not make any payments towards the Leases signed on March 2, 2026 and (2) it is unlikely Raguse would have (or would ever) be profitable as a result of terms of the Leases. Raguse has failed to demonstrate that the assumption of the Leases is anything but a bad

business decision, which was its burden. Raguse has failed to demonstrate the assumption is in the best interests of the estate, and for the reasons herein, assumption of the Birchem Leases does not benefit the estate.

## III. The Request for Assumption of the Birchem Leases is Made in Bad Faith and is Manifestly Unreasonable

13. The request for the assumption of the Birchem Leases is made in bad faith, and the text messages demonstrate text messages to Truman Raguse, beginning in February of 2026, noting that the rent checks were not delivered, and George Birchem informing him that "Dad needs his check." Because the Birchem Leases were not signed until March 2, 2026, this pertained to the prior Lease between the parties. On February 28, 2026, a message was sent from George Birchem to Truman Raguse noting "We need money for groceries and medicine." Thereafter, new Birchem Leases were signed on March 2, 2026. Raguse failed to ever pay, and the Birchems leased the farmland to a new tenant so that they could receive the rental income they needed from the land.

14. Raguse received notice on May 10, 2026 of the cancellation of the Birchem Leases. Raguse filed its Petition on May 14, 2026. Raguse signed the Birchem Leases on March 2, 2026, and filed for bankruptcy approximately two and a half months later, having never paid on the Birchem Leases. Not only is the request to farmland occupied by a current tenant manifestly unreasonable, but the request to assume the Birchem Leases is made in bad faith, as (1) no payment has been made on the Birchem Leases, (2) Raguse has been aware of the new tenant since May 10, 2026, and (3) the facts demonstrate the likelihood of Raguse intending to declare bankruptcy at the time it entered into the Birchem Leases. Raguse is essentially requesting to "tie up" the Birchem land while having no viable path to possession or demonstrating any concrete benefit to the Estate.

## IV. The Cure Amount is Inappropriate, and Raguse has Failed to Provide Adequate Assurances

15. Raguse proposes a cure amount of $0.00 after (1) essentially tricking the Birchems into signing new leases, and (2) failing to demonstrate how Raguse was damaged through the cancellation of the Birchem Leases. It is unknown how Raguse intended to be profitable due to the high rents required through the Birchem Leases. Raguse's proposed cure amount of $0.00 for the Birchem Leases is inappropriate, and it was Raguse's conduct that caused a new tenant to be necessary. Despite whether or not the Birchem Leases were properly cancelled, Raguse has failed to demonstrate any damages resulting from any alleged breach. Simply put, any alleged "breach" benefited the Estate, due to Raguse's bad business decisionmaking as it pertains to the Birchem Leases.

16. Raguse's Motion is further devoid of any adequate assurances, as it relies entirely upon a hope for future lending. "Anticipated exit financing" does not provide adequate assurance that Raguse will comply or perform the Birchem Leases. "Before the court will sanction an assignment, however, the trustee must provide "adequate assurance" that the assignee will satisfactorily perform under the contract." *Food Barn Stores, Inc.*, In re, 107 F.3d 558, 564 (8th Cir. 1997). Raguse does not present any concrete plans or financing commitments. Instead, Raguse relies upon statements such as "the Debtors operate a diversified crop and cattle farming enterprise in the Red River Valley of Minnesota and North Dakota" and "Debtors have commenced negotiations with prospective lenders and anticipate that exit financing will be in place…" *Raguse Br.*, ¶18. Pursuant to 11 U.S.C. § 365(b)(1)(A), when "such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease." Speculative and anticipative hope does not provide adequate assurances of performance. Further, because someone

else is farming the land, it is unknown how Raguse can assure the Court (or creditors) that this is a viable option.

17. The Motion to assume the Birchem Leases should be denied for failure to provide adequate assurances. It appears Raguse is requesting to "continue" farming land that another tenant occupies, leaving Raguse without any actual ability to farm the land. Any alleged "breach" of the Birchem Leases saved the Raguse Estate from a bad business decision.

**CONCLUSION**

18. For all of the above reasons, the Birchems request that the request to assume the Birchem Leases be denied in its entirety.

Dated: September 29, 2026

**SMITH & STREGE LTD.**

By: */s/ Fred Strege*

Fred Strege, #106392
321 Dakota Avenue
P.O. Box 38
Wahpeton, North Dakota 58074
(701) 642-2668 (Phone)
(701) 642-4729 (Fax)
fredstrege@smithstrege.com

**COUNSEL FOR KENNETH BIRCHEM, KRAIG BIRCHEM AND GEORGE BIRCHEM**

**CERTIFICATE OF SERVICE**

I certify that I caused this document to be filed electronically with the Clerk of the Bankruptcy Court through ECF, and that ECF will send an e-notice of the electronic filing to all persons and entities on file with the Court's ECF System.

Dated: September 29, 2026

By: */s/ Fred Strege*
Fred Strege, #106392