**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

| | |
|---|---|
| RAGUSE FAMILY PARTNERSHIP, *et al.*[1]<br><br>Debtors. | Lead Case No. 26-60308, *et al.*<br>(Jointly Administered)<br><br>Hon. William J. Fisher Presiding |

---

**DEBTORS' REPLY IN SUPPORT OF MOTION TO ASSUME THE DILLY LEASES AND IN RESPONSE TO OBJECTION [ECF NO. 303]**

Raguse Family Partnership ("RFP") submits this reply in support of their Motion to Assume Unexpired Leases and Executory Contracts [ECF No. 223] (the "Motion") with respect the two Dilly farmland leases (the "Dilly Leases") and in response to the Dillys' objection [ECF No. 303] (the "Objection").

**PRELIMINARY STATEMENT**

The Motion should be granted as to the Dillys and the Objection should be overruled for three reasons. First, the Dilly Leases remain unexpired and the Dillys did not terminate the leases and obtain possession through judicial process, which protects a tenant's opportunity to cure a rent default before termination and dispossession. Second, the Dillys received rent from the replacement tenant for the 2026 crop year, while that tenant received the use of RFP's leased acreage. Thus, RFP submits that no additional cure payment is due for the 2026 crop year and reserves its uncalculated damages. Third, adequate assurance turns on the Debtors' ability to perform, not whether a plan has already been filed.

[1] The Debtors in this jointly administered proceeding are Raguse Family Partnership (26-60308), R.A.G. Holdings, LLC (26-60309), Red Rock Cattle, LLC (26-60310), Tru Ag LLC (26-60311), David and Susan Raguse (26-60312), and Truman Raguse (26-60313).

## RELEVANT FACTS

The Dilly Leases are unexpired and run through December 31, 2027. The Dilly Leases require combined annual rent of $79,203.80, payable in equal installments on April 1 and November 1. Section 4 provides for automatic termination upon nonpayment by April 15 or November 15, but Section 8 requires removal "by due process of law." The Dillys assert termination for nonpayment and acknowledge reletting the land to Boone Carlson for the 2026 crop year. RFP filed its chapter 11 petition on May 14, 2026. Upon information and belief, Boone Carlson paid the 2026 rent for the 2026 crop year.

## ARGUMENT

### I. The Dillys did NOT complete a lawful termination through judicial process and the Dilly Leases remain unexpired.

Section 365(c)(3) bars assumption only if a nonresidential lease was terminated under applicable nonbankruptcy law before bankruptcy. The Dillys' declaration of automatic termination does not end that inquiry. The leases must be read together with Minnesota's requirement of judicial process and its protection of a tenant's right to cure a nonpayment forfeiture.

*In Berg v. Wiley,* 264 N.W.2d 145, 151–52 (Minn. 1978), the Minnesota Supreme Court held that a commercial landlord must use judicial process to dispossess a tenant who has neither abandoned nor voluntarily surrendered possession and continues to claim it. An express right of reentry did not authorize self-help. Section 8 of the Dilly Leases likewise requires removal "by due process of law." The Dillys could not substitute reletting to Carlson for that process while RFP continued to claim its leasehold.

Judicial process also preserves the tenant's opportunity to cure. Minn. Stat. § 504B.291, subd. 1(a), permits redemption in a nonpayment eviction action by paying the arrears and other required amounts. In *614 Co. v. D. H. Overmyer Co.,* 211 N.W.2d 891, 894 (1973), the court

recognized that protection for a commercial tenant despite a pre-action termination notice, allowing redemption before the order dispossessing the tenant and permitting reentry. The Dillys' reliance on automatic termination would bypass that protection.

The relevant question is therefore whether the asserted forfeiture became final before the petition date, not merely whether the Dillys sent a termination notice. The leases' stated term extends through December 31, 2027. RFP contends that, absent surrender or a completed judicial process extinguishing its cure rights, its right to cure remained available when it filed bankruptcy. On that basis, the Dilly Leases remain unexpired and subject to assumption: RFP seeks to preserve an existing leasehold through assumption and cure, not to revive a lease whose termination was already complete. Wrongful dispossession or a damages claim alone would not establish that result.

**II. No additional 2026 cure payment is due; RFP reserves its damages.**

The Dillys received the replacement tenant's lease payment for the 2026 crop year, and the replacement tenant received the use of the acreage. RFP, by contrast, lost the opportunity to farm that land. RFP's position is straightforward: the Dillys should not collect rent twice for the same acreage and crop year. The replacement rent must be credited to the corresponding parcels and lessors in determining any cure amount. On that accounting, RFP submits that no additional amount is due for the 2026 crop year.

RFP also suffered damages from its exclusion, including potential lost net crop profits. Notwithstanding, those damages remain uncalculated and are expressly reserved against the appropriate parties. Moreover, Damages are an issue for another day and do not need to be determined in order to grant the Motion. The present cure argument rests on the fact that the Dillys already received 2026 rent albeit from Boone Carlson.

### III. Adequate assurance requires practical evidence, not a filed plan.

Section 365(b)(1) requires cure or adequate assurance of prompt cure, compensation for actual pecuniary loss from default, and adequate assurance of future performance. It does not require a confirmed or even filed plan before assumption. Adequate assurance is a practical inquiry into the likelihood of performance, not an absolute guaranty. *In re Tama Beef Packing, Inc.*, 277 B.R. 407, 411 (Bankr. N.D. Iowa 2002); *In re Alipat, Inc.*, 36 B.R. 274, 277–78 (Bankr. E.D. Mo. 1984).

The Motion identifies continuing farm operations and efforts to obtain exit financing; its supporting memorandum reports obtained DIP financing. Mot. ¶ 18; id., Mem. at 19. These resources and the Debtors' operating experience support assumption, subject to proof that funds will be available when the remaining rent falls due. The absence of a filed plan is not a substitute for evaluating that evidence. See *In re Great Atlantic & Pacific Tea Co.*, 472 B.R. 666, 672–75 (S.D.N.Y. 2012).

## CONCLUSION

The Debtors request that the Court overrule the Objection, find that the Dilly Leases remain subject to assumption and that no additional 2026 cure payment is required after crediting the replacement rent, and approve assumption upon the required showing under § 365(b)(1). RFP expressly reserves its uncalculated damages and related claims against the appropriate parties.

**TAFT STETTINIUS & HOLLISTER LLP**

Dated: November 2, 2026

By: */s/ James M. Jorissen*
James M. Jorissen, #262833
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612-977-8400
Facsimile: 612-977-8650
jjorissen@taftlaw.com

Landon S. Raiford
(*Admitted Pro Hac Vice*)
111 East Wacker, Suite 2600
Chicago, IL 60601-4208
Telephone: (312) 527-4000
lraiford@taftlaw.com

Kimberly Ross Clayson
(*Admitted Pro Hac Vice*)
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone: (248) 351-3000
kclayson@taftlaw.com

**COUNSEL FOR RAGUSE FAMILY PARTNERSHIP AND EACH OF THE ENTITY DEBTORS AND DEBTORS IN POSSESSION**